————•—o—•————

COOPER and Another *v.* REEVES and Others.[*]

Suit against *A.* and *B.*, partners, upon promissory notes signed by the firm name. Pending the suit, *C.*, on behalf of the plaintiffs, filed an affidavit, alleging that *A.* was justly indebted to the plaintiffs on the notes in suit, giving the dates of the notes, the time for which they were to run, and the amount paid upon them; that the plaintiffs were entitled to recover the balance, for which suit was pending; that *A.* had transferred or conveyed his property subject to execution, by mortgage, to *D.*, and was about to convey the same, with the fraudulent intent to cheat, hinder, and delay his creditors. Upon the filing of this affidavit, &c., a writ of attachment was issued and levied upon the property. *Held,* upon a motion to discharge the attachment, &c., that the affidavit sufficiently conformed to the statute.

*A.* moved to discharge the attachment for the reasons, that there was property belonging to the firm, subject to execution, sufficient for the payment of the notes; that the property attached was his individual property, first liable for his individual debts, which amounted to 3,000 dollars, due at the commencement of the suit, and more than sufficient to exhaust the property attached; that before the attachment issued, he mortgaged his property to *D.*, in trust, to secure his individual debts, in good faith, with no intent to defraud any creditor, which mortgage was duly recorded, &c., and he denies each and every allegation in the affidavit; all which he is ready to prove, &c. *Held,* that the motion was correctly overruled; that it is only for defects apparent on the face of the proceedings, that such a motion can be maintained.

APPEAL from the *Delaware* Court of Common Pleas. DAVISON, J.—*Mark Reeves & Co.* brought this action against *Charles Cooper* and *Joshua Dodd*, partners, &c., under the firm of *Cooper* and *Dodd*, upon two promissory notes signed by them, by their firm name. During the pendency of the suit, one *Thomas J. Sample*, on behalf of the plaintiffs, filed an affidavit, alleging that *Cooper* was

————

[*] A petition for a rehearing of this case, was filed on the 12th of *July*, and overruled on the 8th of *November*.

May Term,
1859.

COOPER
v.
REEVES.

justly indebted to the plaintiffs on the notes in suit; that one of them is dated *August* 2, 1856, and is for the payment of 197 dollars, at six months; and that the other bears date *September* 15, of the same year, and is for the payment of 220 dollars, due six months after date; that upon these notes there was paid, *February* 6, 1857, 100 dollars—*June* 25, 1857, 28 dollars; and that the plaintiffs are entitled to recover the balance, for which suit is now pending. The affidavit further says: " That *Cooper*, one of the defendants, has transferred or conveyed his property subject to execution, by mortgage, to one *Caleb D. Jones*, and is about to convey the same, with the fraudulent intent to cheat, hinder, and delay his creditors."

Upon the filing of this affidavit, the written undertaking required by the statute having been filed, a writ of attachment was issued and levied on *Cooper's* property, which, by virtue of said writ, was retained in the custody of the sheriff.

At the proper time, *Cooper* moved to discharge the attachment, and for restitution of the property, on the ground that the affidavit was defective; but his motion was overruled, and he excepted.

The code provides that, before an attachment issues, the plaintiff, or some one on his behalf, is required to make an affidavit showing—

1. The nature of the claim.

2. That it is just.

3. The amount he believes the plaintiff ought to recover.

4. That there exists some one of the grounds for the attachment—enumerated in a preceding section of the statute. 2 R. S. p. 64, § 159.

The section to which the fourth requirement refers, points out six grounds upon which an attachment may issue. The fifth and sixth alone are applicable to the questions before us—they are as follows:

5th. Where the defendant has sold or conveyed, or otherwise disposed of his property subject to execution, with the fraudulent intent to cheat, hinder, or delay his creditors.

6th. Where he is about to sell, convey, or otherwise dispose of his property subject to execution, with such intent. *Id.*, p. 63, § 156.

The first, second, and third requirements are plainly stated in the affidavit. It alleges that *Cooper* was justly indebted to the plaintiffs by two notes, stating the amount of each; avers that they are subject to credits which are specifically set forth, and says that the plaintiffs are entitled to recover the balance. Thus far, the affidavit conforms sufficiently with the statute; and, in reference to the fourth requirement, the affidavit, though very informal, avers, substantially, that *Cooper* had conveyed his property subject to execution, with intent to defraud his creditors.

The motion founded on the alleged defects in the affidavit having been disposed of, *Cooper* moved to discharge the attachment for additional reasons, viz., "That there is property belonging to the firm of *Cooper* and *Dodd*, subject to execution, and sufficient for the payment of said notes; that the property attached is the individual property of *Cooper*—first liable for his individual debts, which amount to 3,000 dollars, due at the commencement of this suit, and more than sufficient to exhaust the property attached; that before the attachment issued, he mortgaged his individual property to *Caleb D. Jones*, in trust, to secure his individual debts, in good faith, with no intent to defraud any creditor—which mortgage is duly recorded, &c., and he denies each and every allegation in the affidavit; all which he is ready to prove, &c.

The Court overruled this motion, and we think correctly. It is only for defects apparent on the face of the proceedings, that such a motion can be maintained. There is, indeed, no reason why the averments in the affidavit, in cases of attachment, may not be traversed or avoided by answer, as if they were contained in an original complaint; and it may be, that under issues properly formed, and triable by a jury, the matters stated in the motion would have been available. Such matters, however, cannot be made the subject of a motion to the Court, because they do not appear in the proceedings, and must, to be

May Term,
1859.

effective, be set up by answer, tendering an issue of fact, proper for the decision of a jury.

*Per Curiam.*—The judgment is affirmed with 1 per cent. damages and costs.

*W. March*, for the appellants.

*T. J. Sample*, for the appellees.