Nov. Term,
1860.

LUDWICK
v.
BECKAMIRE.

---

## LUDWICK v., BECKAMIRE.

Where, in an action before a justice of the peace, the justice has jurisdiction of the cause of action, and the defendant appears in answer to process, and contests the case on the merits, instead of pleading in abatement, under oath, to the jurisdiction of his person, he is estopped from making that issue in the appellate Court.

If the want of jurisdiction does not appear on the face of the papers, the question must be raised by plea in abatement under oath, upon which an issue can be formed and tried, and not by motion to dismiss.

*Wednesday,*
*December 5.*

APPEAL from the *Ripley* Common Pleas.

DAVISON, J.—The appellant, who was the plaintiff, sued *Beckamire* before a justice of the peace of *Shelby* township, *Ripley* county; alleging in his complaint, that he had loaned the defendant a certain horse, which he, defendant, drove immoderately, and kept negligently, whereby said horse became diseased, and of no value, &c. Process, upon the complaint, was duly issued against the defendant, and by the proper constable returned, served. On the day set for the trial of the cause, the defendant appeared before the justice, and pleaded to the complaint thus: " That said *plaintiff* is not, nor was he at the commencement of this suit, a resident

of *Shelby* township; and further, that he, defendant, while

the horse was in his possession, treated and used him well and carefully, and returned him to the plaintiff in as good condition as when he received him," &c. The justice gave judgment in favor of the plaintiff for $80, and the defendant appealed. And, in the Common Pleas, he moved to dismiss the suit on the ground, as alleged in his motion, that the action was instituted in *Shelby* township, *Ripley* county, before a justice of the peace of that township, and that, at the time it was instituted, the defendant was a resident house-holder of *Otter-creek* township, in that county, in which last-named township there was, at that time, two justices of the peace, duly commissioned, &c., not of kin to either of the parties, and competent to act in the cause; and that said action was not commenced by *capias*, &c. The record shows that the defendant, over the plaintiff's objection, was allowed to prove the facts alleged in the motion, and that the Court dismissed the suit.

The action of the Court, in its dismissal of the suit, raises the only question to be settled in the case. The code says: "The jurisdiction of justices, in civil cases, shall, unless otherwise provided by law, be limited to their townships respectively." "No person shall be sued before any justice, out of the township where he resides, unless such suit is commenced by *capias*, or where there shall be no justice in such township competent to act," &c. An exception to this rule is, that "suits for trespass to real or personal property may be brought in the township where the defendant resides, or where the trespass was committed." 2 R. S., §§ 9, 13, and 15, pp. 451–453. There are other exceptions to the above rule, but they are plainly inapplicable to the case before us. *Id.* §§ 14–20.

The facts stated in the motion obviously show, that the justice had not, in view of the statute to which we have referred, jurisdiction of the person of the defendant. But it is argued that by pleading to the merits before the justice, and failing to raise the point of jurisdiction, he waived his right to make that point in the Common Pleas. We concur in this position. If the defendant was really not a resident

of *Shelby* township, he was evidently not bound to obey the summons. But the justice had jurisdiction of the cause of action, and the defendant having appeared in obedience to the process, and contested the plaintiff's right to recover, instead of showing, by plea in abatement, verified by oath, that his person was not within the justice's jurisdiction, it seems to us, that he was estopped from making that issue in the appellate Court. The statute, it is true, says, affirmatively, that no person shall be sued before any justice out of the township where he resides; but this provision was, no doubt, intended for the convenience and benefit of the defendant; and why may it not be regular and legal for him to appear and submit his defense, in bar of the action against him, before any justice having jurisdiction of the cause? And having done so, it appears to us that the proceedings before the justice, in such action, should not, on the ground of jurisdiction, be allowed to be questioned, either directly or collateraly. In *Paulding* v. *The Hudson Manufacturing Co.*, 2 E. D. Smith's Rep. 38, it was held, that "a justice's court, having jurisdiction of the subject matter, may acquire jurisdiction over the defendants in a suit commenced against a foreign corporation, by the voluntary act of the corporation in appearing and pleading to the merits." And so, in the case at bar, the justice had jurisdiction of the cause; and the defendant, having voluntarily appeared and pleaded to the merits, without making the point of jurisdiction, as to his person, in any mode known to the law, must be deemed to have waived it. *Brickly* v. *Heilbruner*, 7 Ind. 488–490. But the question of jurisdiction, in this case, not appearing on the face of the proceedings, was one of fact, and should have been raised by plea in abatement; because the plaintiff was entitled to have that question submitted to a jury, upon an issue regularly formed on such plea. This could not be properly allowed under a motion to dismiss the suit. Indeed, the only legitimate mode whereby the jurisdiction of the justice could, in this instance, have been contested, was by plea in abatement, verified by affidavit. 2 R. S., § 34, p. 455; 1 Tidd's Prac. 638–640; *Cooper* v. *Reeves*, 13 Ind. 53.

We think the Court erred in dismissing the suit.

*Per Curiam.*—The judgment is reversed, with costs. Cause remanded, &c.

*E. Dumont* and *O. B. Torbett*, for appellant.