No. 11,548.

## DAY v. HENRY.

JURISDICTION.—*Plea.*—Where the want of jurisdiction is not apparent, the question must be presented by plea.

SAME.—*Appearance.*—*Waiver.*—*Justice of the Peace.*—By appearing to an action before a justice of the peace, and going to trial without pleading to the jurisdiction of the court, a party waives all questions relating to the service of process or jurisdiction of the justice.

EVIDENCE.—*Agency.*—*Pleading.*—In an action to recover for work and labor performed for the defendant, evidence that the person who employed the plaintiff was the agent of the defendant, is admissible without averring the agency in the complaint.

PRACTICE.—*Judgment non Obstante Veredicto.*—Judgment can not be rendered *non obstante* on answers to interrogatories returned by the jury with their general verdict, unless the former are inconsistent with the verdict.

From the Crawford Circuit Court.

*T. J. Jackson* and *J. L. Suddarth,* for appellant.

*N. R. Peckinpaugh* and *W. T. Zenor,* for appellee.

MITCHELL, J.—This suit was commenced before a justice of the peace. The complaint charged that the defendant was indebted to the plaintiff in the sum of one hundred and twelve dollars, for work and labor performed by the plaintiff for the defendant in his mill, from July, 1882, to May 12th, 1883, at the special request of the defendant. With the complaint there was filed a sufficient bill of particulars, which was referred to therein.

On the day set for trial, the record recites that the parties appeared, and the defendant moved to dismiss the action, for the reason that the court had no jurisdiction, and because there was no legal service of summons. This motion was overruled, and the defendant thereupon moved to dismiss because the complaint did not state a cause of action. After this last motion was overruled, a trial was had resulting in a judgment for the plaintiff.

The case was removed by appeal to the Crawford Circuit Court, where the several motions made before the justice were

Day v. Henry.

renewed, and again overruled. A trial by jury resulting adversely to the appellant, the record is brought here on appeal for review.

It is contended, first, that the court erred in overruling the motion to dismiss for want of jurisdiction of the justice, and because the defendant was not legally served with summons.

The complaint filed with the justice exhibited a cause of action within the jurisdiction of the court, and as the record shows that the defendant appeared, the justice had jurisdiction both of the subject-matter of the action and of the person of the defendant. The argument here is that the appellant was sued out of the township in which he resided, and for that reason the justice had no jurisdiction over his person and the constable had no legal right to serve him with process. Where the defendant resided did not appear on the face of the papers, and since no objection to the jurisdiction of the court was disclosed by the record, that question could only have been presented by a proper plea. Appearing to the action and going to trial before the justice without pleading to the jurisdiction of the court was an effectual waiver of all questions relating to the service of the summons or jurisdiction of the justice. *Ludwick* v. *Beckamire,* 15 Ind. 198; *Storm* v. *Worland,* 19 Ind. 203; *Grass* v. *Hess,* 37 Ind. 193; *Nesbit* v. *Long,* 37 Ind. 300. Whether the court had jurisdiction of the defendant or not, could not be raised by a motion to dismiss.

The complaint was amply sufficient, and there was no error in overruling the motion to dismiss the action for want of a statement of a cause of action.

The plaintiff testified that he was employed by one Wilson, and that the work and labor sued for was performed under such employment. An attempt is made to present a question upon the ruling of the court in admitting evidence to prove that Wilson was the defendant's agent. The bill of exceptions, admitting it to be properly in the record, presents no question for decision. All that is said in the bill is,

that the " Defendant objected to plaintiff attempting to prove the agency of said George W. Wilson, for the reason there was no such allegation in the complaint," etc.   How or by whom the plaintiff attempted to prove the agency is not disclosed, nor is there any specific evidence objected to so far as appears.   Of course, it was proper to prove, if it was the fact, that Wilson was the defendant's agent and employed the plaintiff on the defendant's account.   It was not necessary that the agency should have been averred in the complaint in order to admit such proof.

With their general verdict the jury returned answers to special interrogatories propounded by the respective parties. It is insisted that the court erred in overruling appellant's motion for judgment on the answers to interrogatories notwithstanding the general verdict.

The contested point in the case was, whether one George W. Wilson, who employed the plaintiff to work in the defendant's saw-mill, was at the time of such employment the agent of the defendant, and employed plaintiff on defendant's behalf, or whether he employed him on his own account.

Without prolonging the opinion by setting out the interrogatories and the answers thereto, it is sufficient to say it is plainly apparent that they are not inconsistent with the general verdict.   In answer to the fourth interrogatory propounded by plaintiff, and the second by the defendant, the jury return explicitly that the evidence shows that Wilson was the authorized agent of the defendant.   The appellant's motion for judgment in his favor was properly overruled.

The only remaining question discussed is, that the court erred in overruling the appellant's motion for a new trial, on the ground that the verdict was not sustained by the evidence. It may be conceded that the evidence strongly preponderates in favor of the defendant below.   If it was permitted this court, as it was the duty of the trial court on the motion for a new trial, to weigh the testimony and determine whether or not there was sufficient evidence to support the general

verdict and special findings, we would unhesitatingly say, as
the evidence appears in the record, that the verdict is mani️
festly against the weight of the evidence.

Under well settled rules we are, however, only permitted
to ascertain whether there was evidence fairly tending to sus-
tain the verdict, and as there is some evidence which, if be-
lieved, tends to support the conclusions reached by the jury,
we can not under the rule disturb their finding.

The judgment is accordingly affirmed, with costs.

