ADAMS *v.* I. E. SMITH CONSTRUCTION COMPANY.

[No. 13,969. Filed June 23, 1930.]

*Wilbur E. Branyan* and *Samuel E. Cook*, for appellant.
*J. S. White, Burrell Wright, E. J. Boleman* and *H. L. McCray*, for appellee.

McMAHAN, J.—On June 7, 1927, appellant, while employed by appellee, received a compensable injury. The parties entered into an agreement as to compensation during total disability. This agreement was filed with, and approved by, the Industrial Board, July 8, 1927. Under date of July 20, 1927, appellant signed a receipt stating that his disability ceased July 12, and that he had

theretofore received $47.84 in final settlement of compensation for all disability suffered by reason of said injury. This receipt was filed with the Industrial Board August 3, 1927. May 14, 1929, appellant filed his application to review the award because of change of conditions, alleging, among other things, that his injury had resulted in a permanent partial impairment. On May 31, 1929, he filed an application for an adjustment of compensation, alleging that his injury had resulted in chronic bronchitis and that he was not able to earn anything in any suitable employment. A hearing was had before a single member of the board, who, in addition to the facts as above stated, found that the application for review because of change in conditions was filed "twenty-two months after date of final receipt as the date on which disability ceased," and that no new issue was raised by the application for adjustment of compensation filed May 31, "except as had been adjudicated by the final receipt, dated July 20, 1927." On August 1, the hearing member dismissed each application for want of jurisdiction. An application for a review before the full board was filed August 6. The full board, on review, found the facts as above set out, and that appellant, on such hearing before the single member, had testified that he had not, before filing his application, got in "touch with anybody connected with the Smith Construction Company," and had not told them he wanted more compensation, and that he never made demand on the insurance carrier, or told it he wanted more compensation, and that, on motion of the defendant, the hearing member dismissed the applications for the reason that there was no evidence that the plaintiff had made a good faith effort to settle his claim before filing the applications. It also found that Rule 10 of the Industrial Board, which had been in force since 1915, provides, "If the defendant rely upon the special defense that the injury or death of

the employee was due to wilful misconduct of the employee, including intentional self-inflicted injury, intoxication, to the commission of a felony or misdemeanor, wilful failure or refusal to use a safety appliance, wilful failure or refusal to perform a duty imposed by statute, wilful failure or refusal to obey a reasonable printed rule of the employer, or any other defense of confession and avoidance, such special defense must be pleaded by an affirmative answer at least five days before the day set for hearing," and that the defendant filed no answer of any kind to either application. Upon these facts, the Industrial Board, by a majority of its members, dismissed the application for review, filed August 6, for want of jurisdiction, hence this appeal.

An answer of "no dispute" is a matter in abatement; and, if not presented by plea before trial on the merits, is waived. *Martz* v. *Grasselli Chemical Co.* (1928), 87 Ind. App. 400, 162 N. E. 737; see, also, *Day* v. *Henry* (1885), 104 Ind. 324, 4 N. E. 44; *Ludwick* v. *Beckamire* (1860), 15 Ind. 198; *Pittsburgh, etc., R. Co.* v. *Schmuck* (1913), 181 Ind. 323, 103 N. E. 325.

The fact that appellee filed no answer but went to trial under the general denial put in by the statute for failure to plead does not change the situation. We hold that appellee waived the defense of "no dispute."

It seems that the majority of the board acted upon the assumption that the application for review because of change in conditions, not having been filed within one year from date of the receipt in final settlement, was not filed in time, and was barred under §45 of the Workmen's Compensation Act, §9490 Burns 1926.

The compensation period ends when total disability ends. The mere signing of the receipt does not necessarily fix that date. Appellant should have been permitted to introduce evidence as to the

circumstances under which the receipt was given and as to when total disability actually terminated in order to fix the time when the period of limitation began to run. *Ft. Branch Coal Mining Co.* v. *Farley* (1921), 76 Ind. App. 37, 130 N. E. 132, 131 N. E. 228. The application for adjustment of compensation having been filed within two years from date of injury, was filed in time.

Award reversed, with directions to hear each application on its merits and to make such award as the evidence warrants.