## EARL W. BAKER & CO. et al. v. HOLCOMB et al.

No. 21647.   Opinion Filed March 17, 1931.

Owen & Looney, Paul N. Lindsey, and J. Fred Swanson, for petitioners.

Holden, Brown & Coe, J. Berry King, Atty. Gen., and Robert D. Crowe, Asst. Atty. Gen., for respondents.

RILEY, J.   This is a review of an order of the State Industrial Commission dated August 1, 1930, wherein it was found that Holcomb on December 4, 1929, while engaged in hazardous employment of Earl W. Baker Company, sustained an accidental personal injury arising out of and in the course of his employment. The Commission found that Holcomb sustained, as a result of the injury, a "rupture of the right side and injury to the back and head", and that as a result thereof he was unable to perform manual labor from December 4, 1929, to date of order; that Holcomb also sustained a hernia as a result of the accident, for which he had been paid eight weeks' compensation, in the total amount of $98.48, and for a period of time to February 2, 1930. The Commission ordered paid compensation for 25 weeks from February 2, 1930, to July 27, 1930, and until further order.

24

Petitioners herein assert: (1) That there is no competent evidence to support the finding of the Commission of temporary total disability, and (2) that the Commission was unauthorized to make an award in excess of the eight weeks allowed by statute for hernia.

The first question is dependent upon the existence of any competent evidence to support the finding. Springtown Crushed Rock Co. v. State Industrial Comm., 128 Okla. 188, 261 Pac. 973.

Dr. Margo testified as to the back injury: "I think the injury did bring about the condition". And as to Holcomb's ability to work: "I don't think he can".

The evidence shows Holcomb was an able-bodied working man prior to the accident.

Dr. Moore, appointed by the Commission to make an examination of Holcomb, testified: "I believe this man has a total disability at the present time, which is due to the condition present in his pelvis, spine and lower back, caused chiefly by the injury noted above. * * * I believe this man has suffered a severe strain of his lower back and sacroiliac regions, and that he is still suffering in a most marked degree from the same."

So, it is evident there was competent evidence to support the finding of temporary total disability.

The second contention in substance is that, in view of the fact that Holcomb sustained a hernia, which is a specific injury designated in the statute, for which a specified number of weeks is allowable, to wit, eight, together with an operation therefor, and since the payment of eight weeks' compensation has been made and the operation administered, that the Commission had no authority to make an additional award for additional disabilities resulting from the accident.

We cannot so hold. Crowe v. Swindell, 109 Okla. 275, 235 Pac. 614, is not controlling here. There the claimant sustained no other injury than hernia; there eight weeks was the statutory limit irrespective of the continuance of temporary disability for a longer period than eight weeks. Here there were other disabilities, for example, to the back. Here the disability by hernia has ceased; the other disabilities continue. The cessation and settlement for the one specific statutory injury does not inhibit the claim for other injuries. Dillon v. Spanhanks, 139 Okla. 32, 280 Pac. 1100.

Award affirmed.

LESTER, C. J., CLARK, V. C. J., and CULLISON, SWINDALL, ANDREWS, McNEILL, and KORNEGAY, JJ., concur.

HEFNER, J., absent.