**EARL W. BAKER & CO. et al. v. HOLCOMB et al.**

No. 23363. Opinion Filed Oct. 18, 1932.

Rehearing Denied Nov. 22, 1932.

Owen & Looney, Paul N. Lindsey, and J. Fred Swanson, for petitioners.

Rex H. Holden and William O. Coe, for respondents.

McNEILL, J. This is a proceeding under the Workmen's Compensation Law wherein it is sought to review an order and award of the State Industrial Commission made and entered on January 13, 1932. The Commission found that respondent sustained an accidental personal injury to his side, back and head, within the meaning of the Workmen's Compensation Law; that he had theretofore been paid compensation in the sum of $738.60, up to March 28, 1931; that by reason of said injury respondent had been and was on January 13, 1932, temporarily disabled from the performance of ordinary manual labor. The Commission awarded respondent compensation for temporary total disability from March 29, 1931, until the date of said award, January 13, 1932, at a rate specified therein for a period not to exceed 300 weeks.

Petitioners urge three propositions, to wit:

"First, the order is contrary to law and shows on its face that the Industrial Commission did not make sufficient findings of fact to show that it had jurisdiction to reopen the cause and award further compensation for temporary total disability,

"Second, the Commission erred in finding that the claimant was totally disabled.

"Third, the award is contrary to law for the reason that the Commission did not separate the amount of disability due to disease and that due to injury, and award compensation only for the disability due to the injury."

In reference to said second and third propositions, there is expert testimony that respondent had sustained 50 per cent. permanent partial disability and that at the time of the hearing he had 100 per cent. disability, all due to the original injury. There is no evidence that respondent was able to work during any of the period covered by the award of January 13, 1932, though there is evidence that he had performed some work prior to the period covered by said order.

We consider proposition No. 1. Respondent sustained his injury on December 4, 1929. On March 22, 1930, the Commission made an order approving compensation for hernia. On March 27, 1930, respondent filed a motion to review award to open cause for further compensation, alleging injuries to

his back and leg in addition to the hernia for which he had been paid compensation. A hearing was had on said motion and the Commission made an order on August 1, 1930, awarding respondent further compensation for temporary total disability from the date of the last payment made until further ordered by the Commission. Petitioners appealed therefrom to this court. This court affirmed said award, and issued its mandate on March 28, 1931. See Earl W. Baker & Co. v. Holcomb, 148 Okla. 23, 296 P. 971. On April 1, 1931, the Commission in accordance with said mandate issued its order requiring petitioners to pay compensation for temporary disability from February 2 to July 27, 1930, and to continue payments at the rate of $12.31 per week until the further order of the Commission. On April 7, 1931, petitioners filed their motion to set aside said order of April 1, 1931, and to set said cause for hearing to determine extent of respondent's disability since August 1, 1930, setting forth in said motion that, since the mandate of the Supreme Court was sent down to the Commission, petitioners had paid respondent the sum of $316.93, being the amount awarded the respondent for temporary total disability from February 2, 1930, to August 1, 1930, the date of the order appealed from, with interest thereon; that the payment made complies with the order of the Commission and the mandate of the Supreme Court as to payments up to the date of the former order of the Commission; that the respondent's condition has changed since the order of August 1, 1930, in that the respondent is able to do manual labor and has been performing such labor; petitioners prayed that the Commission vacate and set aside said order of April 1, 1931, and to set said cause for hearing to determine the extent of respondent's disability since August 1, 1930. The matter was heard on April 28, 1931, and on April 29, 1931, the Commission made and entered its order, pursuant to the mandate of this court, and decreed that petitioners pay to respondent for temporary total disability the sum of $738.60, being 60 weeks beyond the five-day waiting period computed from February 2, 1930, to March 28, 1931, at the rate of $12.31 per week, less the sum of $414.63 heretofore paid. Petitioners were ordered to pay all medical expenses and the cause was continued to some further date to determine any permanent partial disability that may exist.

The amount ordered paid for temporary total disability was for the period the case was pending on appeal to the Supreme Court, up to the time the Commission received said mandate, to wit, March 28, 1931. In this order there is no determination that respondent's temporary disability had ceased. On August 25, 1931, respondent filed a claim for compensation covering permanent disability, setting forth that he had been unable to perform any sort of manual labor since April 29, 1931, up to the time of filing said claim on August 25, 1931, and that he had been informed and believed that he would continue to be totally and permanently disabled as a result of said injuries for the remainder of his natural life, and prayed for a hearing and that he be awarded further compensation for total and permanent disability.

After several hearings, the Commission made its said order and award of January 13, 1932, from which petitioners seek a review in this court, which order required petitioners to pay further compensation for temporary total disability from March 29, 1931, to the date of the entry of said award of January 13, 1932. Respondent had asked for further compensation for total and permanent disability. Petitioners are in no wise prejudiced by said order for the further payment of temporary disability.

Award affirmed.

LESTER, C. J., CLARK, V. C. J., and HEFNER, CULLISON, SWINDALL, and KORNEGAY, JJ., concur. RILEY and ANDREWS, JJ., absent.