HOFFMAN CONSTRUCTION COMPANY *v.* WORKING.

[No. 14,918. Filed November 24, 1933.]

*Ray V. Gibbens, Herman L. McCray, Edward J. Bole-man, Jacob S. White,* and *Burrell Wright,* for appellant.

*Richard R. McGinnis, Richard Waller, O. W. McGinnis,* and *Joseph H. Iglehart,* for appellee.

KIME, C. J.—On October 23, 1930, appellee and appellant entered into an agreement as to compensation for injury sustained on October 16, 1930, by appellee,while in employ of appellant as structural iron worker. Said agreement was approved on October 23, 1930, by the Industrial Board and provided that appellee "receive compensation at the rate of $16.50 per week *during total or partial disability not exceeding period fixed by law.*" Appellee was injured by a blow on the head, at the edge of the hair line over his left eye, by falling iron when a derrick collapsed. On October 27, 1930, appellee executed a receipt in final settlement of compensation, which provided that disability ceased on said day and that total disability existed for ten days for which he received

$7.08. This receipt was filed with the Industrial Board on November 14, 1930, but was never approved.

On October 27, 1930, appellee went back to work for appellant and because of recurring headaches appellee was given easy work to do but nevertheless was compelled to take time off from work because of headaches and sometime in January, 1931, quit his job and thereafter only worked at intervals, due to the fact that he was troubled with headaches and because his right hand and arm would always be numb and gave him considerable trouble. It was necessary for him to flex and rub his arm and fingers to relieve the numbness.

On October 6, 1932, appellee filed his application on Form 14 before the Industrial Board for the review of award on account of change in conditions. This application contained two grounds which are as follows, to wit:

"1. That the disability of said employee on account of said injury has recurred since the date of said award, or had not in fact terminated at the date of the award.

"2. That the disability of said employee on account of said injury has increased since the date of said award, and has continued since said date."

On November 15, 1932, on hearing before single member of the Industrial Board an order was entered ordering appellant, among other things, to pay to appellee $16.50 a week beginning February 3, 1932, during appellee's total disability, not exceeding period allowed by law. Appellant, on November 23, 1932, filed application for review by the full board of the original award. The full board, upon review, made the same order as the single member of the board. It is from this award that appellant prosecutes its appeal, assigning as error that the "award is contrary to law."

In order to answer the question herein involved it

devolves upon the court to construe that part of section 45 of the Workman's Compensation Act, section 9490, Burns Supp. 1929 (§16421, Baldwin's 1934), which reads as follows, to wit:

"The Board shall not make any such modification upon its own motion, *nor shall any application therefor be filed by either party, after the expiration of one year from the termination of the compensation period fixed in the original award, made either by an agreement* or upon hearing. The board may, at any time, correct any clerical error or mistake of fact in any finding or award." (Our italics).

The appellant contends that: "This appeal presents the question as to whether or not the Industrial Board can award compensation to an injured employe on a finding that his temporary total disability has recurred when said finding affirmatively shows that the alleged recurrence of disability did not take place until the expiration of more than one year after the employee's original period of temporary disability has been terminated."

This question has been completely and positively answered in the case of *Ft. Branch Coal Mining Company* v. *Farley* (1921), 76 Ind. App. 37, 131 N. E. 229. The facts in the *Ft. Branch Coal Mining Company* v. *Farley* case, *supra,* and in the case at bar are as near parallel as it is possible to be in two cases.

The appellant in his reply brief attempts to distinguish the case at bar from the *Ft. Branch Coal Mining Company* v. *Farley* case but we can see no distinguishing facts. It would extend this opinion unduly to do more than quote the language of that case, wherein Dausman, J., speaking for the court, said: "In cases like the one at bar the compensation period stated in the original award can terminate in one of two ways only: (1) By the lapse of the maximum time fixed by

statute; or (2) by the actual (not apparent) permanent (not temporary) cessation of the total disability." Our interpretation of the court's meaning of "by the lapse of the maximum time fixed by statute" is that when five hundred weeks compensation had been paid and not merely the elapsing of five hundred weeks from the date of the original award and that as to the second that the termination can only come "by the actual (not apparent) permanent (not temporary) cessation of the total disability," when this has been found by the board either by the approval of a final receipt or by a specific finding. *Ft. Branch Coal Mining Company* v. *Farley, supra; Adams* v. *Smith* (1930), 91 Ind. App. 529, 171 N. E. 882. In the case of *Adams* v. *Smith, supra,* the court said that the mere signing of a receipt is not enough to fix the date when total disability ends and the *Ft. Branch Coal Mining Company* v. *Farley* case holds that even the filing of the receipt with the board is not sufficient. It is clearly apparent that in the present case where the receipt was filed but not approved by the board it is not sufficient.

Here the total disability apparently ceased temporarily. The finding of this board, here supported by ample evidence, is conclusive that the total disability had not *actually* and *permanently* ceased.

The appellant suggests that this rule might have been changed in the case of *Miles* v. *Indiana Service Corporation* (1933), *ante* 400, 185 N. E. 461, but in distinguishing that case we need only call attention to the fact that the board there *found as a fact* that the total disability had ceased. (Our italics).

The award of the full Industrial Board is affirmed with penalty of five (5%) per cent as allowed by statute.

Bridwell and Wood, JJ., dissent.