SEBRING, Justice.
Green -Moss, on April 23, 1951, sustained personal injuries as the 'result of an accident arising out of and in the course'of his employment with the employer. He filed a' claim for compensation finder the Work-' *571 men’s Compensation Act, F.S.A. § 440.01 et seq., and the employer and .the compensation carrier controverted the claim. Upon & hearing the deputy commissioner, on July 23, 1951, entered, an award sustaining the right of the employee to “temporary total disability compensation” and medical benefits, and in his order provided that the ■employer and its compensation carrier make weekly compensation benefits “ * * * .and continue said weekly disability compensation payments until said employee has recovered from his injury and is able to return to his work.” No appeal was taken from this order. . .
On March 19, 1952, the attending physician of the' employee filed his final medical report with the Industrial Commission wherein he reported that on January 12, 1952, the employee had returned to work; he made no report that oh that date the claimant had recovered from his injury and was able to work. The carrier had on February 6, 1952, discontinued the payment of the weekly compensation payments to the employee that had been made pursuant to the order of the deputy commissioner.
Nothing further’ was heard from the employee until February 13, 1953, on which date the employee notified the Florida Industrial Commission that he was making a claim for “additional compensation and medical treatment.” The employer and the ■ compensation carrier controverted the claim on the ground that the claim was barred-by the limitations imposed by section 440.28, Florida Statutes 1951, F.S.A., in that a .period in excess of one year had intervened between the date of the receipt of the last payment of compensation by the employee and the date upon which the employee had filed his petition for additional compensation.
After objections to the claim had been filed, the deputy commissioner gave, notice to the interested parties of a. hearing to be held “to determine the merits of the claim for additional compensation and medical treatment for injury of April 23, 1951.” The hearing was held pursuant to the notice and evidence was submitted by the parties. Subsequently, the deputy commissioner entered an order which contained the following findings:
“Without regard to claimant’s present or past physical condition since compensation was discontinued, and based solely 'on the limitations imposed by section 440.28; F.S.A., amended, the undersigned *' * •* finds that the claim filed February 13-, 1953, was, in essence, for modification of the previous award and was not made within the time allowed, the last ’ compensation having been paid and received by the claimant on or before Febrdary 6, 1952, and more than one year having elapsed between that time and the filing of the claim. * * *
“Wherefore, it is the order * * * that the above .entitled claim for additional compensation be rejected. * * * ’>
On appeal from this order'the full commission found “that the one year limitation in Section 440.28, Florida Statutes 1951 [F.S.A.], is not the applicable limitation period in this matter as it appears that the claimant did not ask for a; modification of [the deputy commissioner’s] award [and] did not contend that the said award was based upon a mistake in determination of fact nor did claimant contend there had been a change in condition * * Based upon this finding the full commission reversed the order of the deputy commissioner and remandéd the cause to the deputy commissioner for a decision on the merits.
The employer and the compensation carrier ’ have sought a review of this order.
Section 440.28, Florida Statutes 1951, F.S.A., upon which the deputy commissioner based his ruling, provides as follows :
“Modification of awards. — Upon their own initiative or upon the application of any party in interest, on the ground of a change in condition or because of a mistake in a determination of fact the commission may at any time *572 prior to one year after the date of the last payment of compensation * * * review a compensation case in accordance with the procedure prescribed in respect of claims in § 440.25, and in accordance with such section, issue a new compensation order which may terminate, continue, reinstate, increase, or' decrease such compensation, or award compensation. * * * ”
We are of the opinion that the one-year period contained in the statute controls only , where subsequent to' the entry of an original award the claimant seeks a modification of such award on the ground of a change in physical condition caused by the accident, compare Atlantic Coast Shipping Co. v. Golubiewski, D.C.Md., 9 F.Supp. 315, or because of a mistake in the determination" of a material fact at the time of the award in question, Compare Zavatskie v. Philadelphia & Reading Coal & Iron Co., 103 Pa.Super. 598, 159 A. 79; Earl W. Baker & Co. v. Holcomb, 160 Okl. 129, 16 P.2d 64. ' .
In the present case 'the deputy'commissioner found, on July 23, 1951, that as the result of the injury sustained by the claimant on April 23, 1951, and, from the medical testimony," he was temporarily totally disabled and would be for an indefinite time in the future. The claim made by "the claimant on February 13, 1953, for “additional compensation and medical treatment” "was not based upon any supposed "“change in condition” or “a mistake in a determination of fact,” but upon his contention, in effect, that he was still temporarily totally disabled, despite the report of the physician that the claimant had returned to work (but not that he was able to work) and that consequently he was still entitled to compensation payments under the original award, pursuant to section 440.15(2), Florida Statutes 1951, F.S.A. The full commission apparently agreed with this view and ordered a hearing on the merits.
Section 440.20,, Florida Statutes 1951, F.S.A., provides, in respect to compensation, that “upon suspension of payment for any cause, the employer shall immediately notify the commission * * * that payment of compensation * * *' has been suspended * * *.” Subsection (3). It also provides that “Within' thirty days after final payment of compensation has been made, the employer shall' send to the commission a notice * * - * stating that such final payment has been made * * Subsection (7). It also requires of the commission in any case where payments of compensation have been stopped' to “make such investigations, cause such medical examination to be made, or hold such hearings, and take such further action as it considers will properly protect the rights of all parties.” Subsection (8). , It would seem that under the-provisions of this statute the full commission wa.s under .the .duty, at the time the carrier gave notice to the commission — if it gave such notice — that payments to the employee had been stopped, to make an investigation, order, medical .examination, or hold hearings, and “take such, further action as it considers wijl properly, protect the rights of all parties.” The record fails to reveal why a hearing was never held nor any determinative action taken to dispose of the claim and “properly protect the rights- of all parties” within a reasonable time after payments' to the claimant were terminated by the carrier. But be -that as it" may, it is- plain to us that inasmuch as the full commission had -never finally determined that the carrier - had discharged its obligation to the claimant in" full prior to the- petition of the claimant for “additional compensation and medical benefits,”" the matter was -still open for such an adjudication; and that the full Commission acted properly in reversing the "findings of the deputy commissioner and sending the case back for a hearing on the merits. See M. J. Hoffman Construction Co. v. Working, 97 Ind.App. 610, 187 N.E. 677.
Certiorari denied.
TERRELL, Acting Chief Justice, and MATHEWS and BUFORD,'JJ., concur.