PER CURIAM.
This matter comes before the Court cm a petition for writ of certiorari to review an order of the Florida Industrial Commission affirming an order of the Deputy Commissioner directing payment of workment’s compensation benefits to the three minor children of Richard Mitchell, deceased.
Mitchell and one Appling were employees of petitioner Bailey. Mitchell was killed in an altercation with Appling on the premises of the employer on June 2, 1952. He was survived by a widow and three minor children. The widow remarried on February 3, 1954. On July 6, 1954, more than two years after the death of the decedent, the remarried widow filed a petition for award of workmen’s compensation benefits to the minor children, waiving any claim for benefits to herself.
The claim was contested before the Deputy .Commissioner and again before the full Commission on the ground that the Statute of Limitations, Section 440.19, Florida Statutes, F.S.A., had run inasmuch as the claim was filed more than two years after the death and on the further ground that the death of the employee did not re- *229 suit “from an injury arising out of and in the course of employment.” See Section 440.09, Florida Statutes, F.S.A. The Deputy and the full Commission found that the Statute of Limitations had not run against the claim of the minors and further that the death resulted from an injury “arising out of and in the course of employment”, and, ’ therefore, the claim, of the children was compensable. These rulings are assigned as errors.
We hold that the claim of the minors was not barred by the Statute of Limitations. Section 440.16, Florida Statutes, F.S.A., provides the amount of compensation to be paid upon the death of an employee. Under this statute if the decedent is survived by a widow, but no children, the widow receives 35% of the average weekly wage. Under Section 440.16(2) (c), Florida Statutes, if there is -á widow and minor children, she is allowed an additional 15% on account of each child, but in the event of her remarriage, then 25% for each child. It is clear from the language used that the Legislature intended that payment to the widow be grounded entirely upon the existence of the marriage relationship and the continuance of her status as a widow. Upon her remarriage, it is also clear that the Legislature 'intended that compensation to her cease but that the amount to be paid each child should be increased.
Under Section 440.19(1), Florida Statutes, F.S.A., the right to compensation is barred unless a claim is -filed within two years after death. Paragraph 3 of this section, however, reads as follows:
“(3) If a person who is entitled to compensation under this chapter is mentally incompetent or a minor, the provisions of subsection (1) shall not be applicable so long as such person has no guardian or other authorized representative, but shall be applicable in the case of a person who is mentally incompetent or a minor from the date of appointment of such guardian or other representative, or in the case of a minor, if no guardian is appointed before he becomes of age, from the date he becomes of age.”
Our analysis of these statutes leads us to the conclusion that a minor cannot be bound by the failure of the mother to pursue a remedy that is made available by law for the benefit of the minor. The language of Section 440.19(3), Florida Statutes, F.S.A., appears to us to be a clear expression of the legislative intent that the statutory period of limitations does not begin to run against a minor until the appointment of a guardian or other representative. The right of a minor to assert his claim continues until his majority unless in the meantime a guardian is appointed or some appropriate proceeding.is taken to establish his right.
 Minors are traditionally favored wards of the law and-when we apply an act such as the workmen’s compensation law liberally, as we are bound to do, it seems inescapable that every reasonable intendment is to be extended to minors and persons mentally incompetent. So far as the Statute of Limitations is concerned, therefore, the right to compensation was not barred.
Mr. Chief Justice DREW' and Justices TERRELL, TFIOMAS, HOBSON, ROBERTS, THORNAL and O’CONNELL concur in the foregoing with reference to the Statute of Limitations.
On the matter of the compensability of the claim asserted by the respondents, Mr. Chief Justice DREW and Justices TERRELL, THOMAS, ■ HOBSON and ROBERTS are of the view that the claim is compensable under the Florida Workmen’s Compensation Act and that the order of the Florida Industrial Commission affirming the order of the Deputy Commissioner awarding compensation should be affirmed. Justices THORNAL and O’CON-NELL are of the view that the claim is not compensable under the Florida Workmen’s Compensation Act.
*230 The petition for writ of certiorari is, therefore, denied.
DREW, C. J., and TERRELL, THOMAS, HOBSON, ROBERTS, THORNAL and O’CONNELL, JJ., concur.