132 So.2d 160 (1961)
Donald H. BODEN, Petitioner,
v.
CITY OF HIALEAH and the Florida Industrial Commission, Respondents.
CITY OF HIALEAH and the Bituminous Casualty Corporation, Petitioners,
v.
Donald H. BODEN and the Florida Industrial Commission, an administrative agency, Respondents.
Nos. 40049, 40050.
Supreme Court of Florida.
July 19, 1961.
*161 Dan G. Wheeler, Jr., Miami, for Donald H. Boden, petitioner and respondent.
Lally & Miller, Miami, for City of Hialeah and Bituminous Cas. Corp., respondents and petitioners.
Paul E. Speh and Burnis T. Coleman, Tallahassee, for Florida Industrial Commission, respondents.
McLANE, Circuit Judge.
These cases arise under the Workmen's Compensation Law, F.S.A. § 440.01 et seq. from a single accident for which compensation was paid until the latter part of 1951. On December 5, 1951, the Deputy Commissioner, upon application, denied further compensation but included in his order of denial the language, "Whether claimant will have any permanent disability cannot be determined at this time."
The crux of the controversy resolves itself into whether or not the order of the Deputy Commissioner, dated December 5, 1951, was an adjudication of the claimant's rights to compensation for permanent partial disability since it appears from the record that no modification was sought of that order within the period of one year from its entry as required by Section 440.28, Florida Statutes, 1951, F.S.A. It is the contention of the employer and insurance carrier that a subsequent claim more than one year after the entry of the original order was barred by Section 440.28, Florida Statutes 1951, F.S.A. No disposition was made of the second claim. The position taken by the employee is there was no adjudication of his right to permanent partial disability for the Deputy Commissioner did not consider the question. In September, 1959, still another claim was filed by *162 the employee and the Deputy Commissioner by order dated June 27, 1960, required additional payments and among other benefits found the employee entitled to permanent partial disability. He noted the language in the original order of December 5, 1951, which he viewed, reserved jurisdiction to later determine the question of permanent partial disability. This last order states that because of the wording of the original order the employer and insurance carrier were put on notice that the claimant might, "reasonably be expected to have sustained some permanent partial disability * * *," and, "* * * their having had full and continuing knowledge of the claimant's disability by having paid for the numerous braces and repairs and recovering of said braces, is certainly not in keeping with the spirit and intent of the Florida Workmen's Compensation Law * * *" The Deputy Commissioner rejected the defense of "Statute of Limitations", assessed a 10% penalty against the carrier and awarded an attorney's fee of $700.00 to plaintiff's attorney. Upon review, the full Commission affirmed the awarding of benefits by way of permanent partial disability but reduced the attorney's fee by 50% or to $350, based upon its calculation of the amount of the award less the 10% penalty, and struck the 10% penalty.
The employer and carrier seek review by way of certiorari of the award for permanent partial disability while the employee seeks review by way of certiorari of that portion of the order of the full Commission striking the 10% penalty and reducing the attorney's fee by 50%.
This Court is committed to the proposition that the Compensation Act is to be construed more favorably towards the working man (Parker v. Brinson Construction Company, Fla., 78 So.2d 873). It is the duty of the Court to liberally interpret the act in favor of a claimant (Townsley v. Miami Roofing and Sheet Metal Company, Fla., 79 So.2d 785). See also: Bailey's Auto Service v. Mitchell, Fla., 85 So.2d 228; and Alexander v. Peoples Ice Company, Fla., 85 So.2d 846.
In the case of Superior Home Builders et al. v. Moss, 70 So.2d 570, 572, the Court had occasion to consider Section 440.28, Florida Statutes 1951, F.S.A., the same statute with which we are presently concerned. It was there pointed out (at page 572), "* * * that the one-year period contained in the statute controls only where subsequent to the entry of an original award the claimant seeks a modification of such award on the ground of a change in physical condition caused by the accident * * *", or because of a mistake. The Court there aptly determined that the statute did not apply inasmuch as the second claim was for additional treatment and compensation and was not based upon a change in condition or mistake. We conclude that the claim of the employee filed more than one year subsequent to the original order of December 5, 1951, was for benefits not included in that order.
From an examination of the record we find exhibits introduced at the hearing before the Deputy Commissioner which gave rise to his order of June 27, 1960, showing that braces or repairs to braces were furnished by the insurance carrier from December 20, 1951, to August 30, 1957. We agree with the Deputy Commissioner and the full Commission that the insurance carrier was placed on notice of the continuance of the employee's claim and is in no position to assert that the original order of December 5, 1951, disposed of each and every claim on behalf of the claimant. We feel that the Deputy Commissioner and the full Commission were correct in determining that Section 440.28, Florida Statutes, F.S.A., did not bar an additional claim for permanent partial disability, for the employee did not seek relief under the statute. Superior Home Builders et al. v. Moss, supra.
The assessment of the 10% penalties was within the sound discretion of the *163 Deputy Commissioner for there is competent substantial evidence to sustain his conclusion which should not have been disturbed by the full Commission in substituting its judgment for that of the Deputy Commissioner. See Wiedman v. Daryl Products Corporation, Fla., 127 So.2d 448. The reduction of attorney's fees by 50% was based upon an incorrect mathematical calculation.
The petition for writ of certiorari on behalf of Donald H. Boden is granted and the order of the full Commission is quashed to the extent it strikes the penalties assessed by the Deputy Commissioner and reduced the attorney's fees by 50%, with directions to remand the cause to the Deputy Commissioner to determine a reasonable attorney's fee based upon the actual benefits obtained by the claimant.
The petition for certiorari on behalf of the City of Hialeah and the Bituminous Casualty Corporation is denied.
TERRELL, Acting Chief Justice, and THOMAS, HOBSON and DREW, JJ., concur.