FRANK LUKER *v.* STARCRAFT COMPANY.

[No. 2-1075A280. Filed December 30, 1976.]

*Robert D. Epstein, Connor, Epstein & Frisch,* of Indianapolis, for appellant.

*James R. Fisher, Edward J. Ohleyer, Ice Miller Donadio & Ryan,* of Indianapolis, for appellee.

WHITE, J.—The plaintiff-appellant (Luker) asks us to overturn the Board's dismissal of his application for increased permanent partial impairment filed within two years of his accident but more than one year after the last day for which compensation was paid. Agreeing with the Board that the application was barred by section 45 of the Workmen's Compensation Act, we affirm.

. The facts are not in dispute. Luker sustained an injury by accident on November 21, 1972, for which, pursuant to a

board approved agreement that his body as a whole was ten percent impaired permanently, he was paid compensation from and including November 22, 1972, for fifty weeks to and including November 7, 1973. On November 19, 1974, less than two years after the accident but more than one year after the last day for which compensation was paid, he filed his application for increased permanent partial impairment.

The employer filed a motion to dismiss asserting that the Board had no jurisdiction because the application was filed more than one year after the last date for which compensation was paid. The legal basis of that motion is section 45 of the Indiana Workmen's Compensation Act of 1929, as amended, Ind. Ann. Stat. § 22-3-3-27 (Burns Code Ed., 1974) which, as amended in 1947, provides a general two-year limitation on applications for modification of awards "except that applications for increased permanent partial impairment are barred unless filed within one year from the last day for which compensation was paid."[1]

Plaintiff-appellant Luker contends that since his application was filed within two years after his accident that it is timely by virtue of section 24 of the act, Ind. Ann. Stat. § 22-3-3-3 (Burns Code Ed., 1974), which bars the right to compensation

---

1. In full, the section reads:

"The power and jurisdiction of the industrial board over each case shall be continuing and from time to time, it may, upon its own motion or upon the application of either party, on account of a change in conditions, make such modification or change in the award, ending, lessening, continuing or extending the payments previously awarded, either by agreement or upon hearing, as it may deem just, subject to the maximum and minimum provided for in this act.

"Upon making any such change, the board shall immediately send to each of the parties a copy of the modified award. No such modification shall affect the previous award as to any money paid thereunder.

"The board shall not make any such modification upon its own motion, nor shall any application therefor be filed by either party after the expiration of two [2] years from the last day for which compensation was paid under the original award made either by agreement or upon hearing, except that applications for increased permanent partial impairment are barred unless filed within one [1] year from the last day for which compensation was paid. The board may at any time correct any clerical error in any finding or award."

under the act "unless within two years after the occurrence of the accident . . . a claim for compensation thereunder shall be filed with the industrial board."[2] The basis of that contention is his assertion that the public policy of liberal construction of the act requires sections 24 and 45 to be read together so that employees have no less than two years in which to assert all their claims under the act. He supports that contention by a misinterpretation (1) of a statement in Dean Small's WORKMENS COMPENSATION LAW OF INDIANA, § 12.9 at page 403, and (2) of *Adams* v. *I. E. Smith Const. Co.* (1930), 91 Ind. App. 529, 171 N.E. 882.

Prior to 1947 section 24 (Code § 22-3-3-3) barred the right to compensation unless a claim was filed "within two years after the injury."[3] The 1947 amendment[4] struck out "injury" and substituted "occurrence of the accident". This had the effect of shortening the time for filing claims in cases where the injury did not manifest itself at the time of the accident.[5] The same 1947 amendment also changed the time limit for modification of awards provided in section 45 (Code § 22-3-3-27). Prior to the 1947 amendment the Board's jurisdiction to make any modification was limited to one year from the termination of the compensation period fixed in the original award.[6] The amendment doubled that time limit to two years "except that applications for increased permanent par-

---

2. In full, § 24 reads:

"The right to compensation under this act shall be forever barred unless within two [2] years after the occurrence of the accident, or if death results therefrom, within two [2] years after such death, a claim for compensation thereunder shall be filed with the industrial board: Provided, however, That in all cases wherein an accident or death results from the exposure to radiation a claim for compensation shall be filed with the industrial board within two [2] years from the date on which the employee had knowledge of his injury or by exercise of reasonable diligence should have known of the existence of such injury and its causal relationship to his employment."

3. Ind. Acts 1929, ch. 172, § 24.

4. Ind. Acts 1947, ch. 162, § 2.

5. See Small, p. 403, n. 93.

6. Small, p. 403, n. 92.

tial impairment are barred unless filed within one year from the last day for which compensation was paid."

Of that 1947 change which doubled the time for filing most applications for modification Dean Small said: "The extension of the time for modifications was undoubtedly made to ameliorate the shortening of time under Section 24 (Burns § 40-1224 [now § 22-3-3-3]) for bringing original applications."[7] Whatever he meant by "ameliorate",[8] it is clear that Dean Small did not mean that the extension of time created by the amendment was any greater than its words expressly state. There is nothing in his language which implies that the legislature did not intend the one-year exception to apply to all claims for increased permanent partial impairment even though such an application could thus be barred though filed within two years from date of accident. In fact, he had already stated "that applications for increased permanent impairment must be filed within one year from the last day for which compensation was paid."[9]

The language of the opinion in *Adams* v. *I. E. Smith Construction Co.* (1930), 91 Ind. App. 529, 171 N.E. 882, is so lacking in clarity, precision and procedural detail that it invites the misinterpretation of its holding which Luker has borrowed from the editor of Burns Indiana Statutes Annotated, Code Edition, 1974. The editor's annotation to § 22-3-3-27 (on page 204 of the Title 22 volume) reads:

"An injured employee's application for adjustment of compensation because of changed conditions filed within

7. Small, p. 403, op. n. 93.

8. Funk & Wagnall's STANDARD COLLEGE DICTIONARY (1966) defines it thus: "To make or become better, meliorate, improve."

9. Small, p. 403. It may be noted, though it has little, if any relevance to this case, that this one-year limitation "does not contain the same 'original award' qualification as the two-year limitation. . . . Thus successive modifications tacked to previous awards may continue to extend the period in which to apply for future increased permanent partial impairment." *Bagwell* v. *Chrysler Corporation* (1976), 168 Ind. App. 110, 341 N.E.2d 799, 803. To that extent there has been by the 1947 amendment some extension in the time for applying for increased permanent partial impairment in some cases.

two years from the date of the injury was filed in time, though time for filing application for review because of change of condition had expired. Adams v. I. E. Smith Constr. Co. (1930), 91 Ind. App. 529, 171 N.E. 882."

The *Adams* case involved two applications filed after termination of compensation payments made pursuant to an award by agreement to pay compensation during total disability. One application sought modification of that award so as to give Adams compensation for permanent partial disability which, because of a change in conditions, he alleged had resulted from his injury. The other was an application for an adjudication of an original claim for compensation. It was of this latter application that the *Adams* opinion spoke in saying: "The application for adjustment of compensation having been filed within two years from date of injury, was filed in time." As to the modification claim, the court did *not* hold that it had been timely filed. It held only that the Board was mistaken in assuming "that the application for review because of change in conditions, not having been filed within one year from the date of the receipt in final settlement, was not filed in time, and was barred under § 45 . . . ." (91 Ind. App. at 532.) It held that "appellant should have been permitted to introduce evidence as to the circumstances under which the receipt was given and as to when total disability actually terminated in order to fix the time when the period of limitation began to run." (Id.)

The award is affirmed.

Buchanan, P.J., and Sullivan, J., concur.

NOTE.—Reported at 358 N.E.2d 231.