PER CURIAM.
This is a timely appeal from an order of the Judge of Compensation Claims dismissing a claim for death benefits with prejudice. Because the JCC erred in finding that the claim was barred by the statute of limitations and in denying the appellant’s motion for appointment of a personal representative to pursue the claims of the decedent’s minor survivors, we reverse.
Section 440.17, Florida Statutes (1997), provides that the JCC may require the appointment by a court of competent jurisdiction of a guardian or other representative. The decision on whether to require appointment of a guardian or representative is discretionary. See Allure Shoe Corp. v. Lymberis, 173 So.2d 702, 704 (Fla.1965); Cornelius v. Sunset Golf Course, 423 So.2d 567, 569 (Fla. 1st DCA 1982). However, the JCC has an obligation to ensure that the interests of minors are protected. See Cornelius, 423 So.2d at 569. Here, the petition sought benefits for the minor children of the decedent, and therefore the JCC should have permitted the appellant to petition a court of competent jurisdiction for the appointment of a guardian or representative before dismissing the claim with prejudice.
Furthermore, the statute of limitations did not bar the claim of any minor dependents of the decedent. Pursuant to section 440.19(5), Florida Statutes (1997), the two-year limitations period is tolled while a minor or mentally incompetent person has no guardian or authorized representative:
If a person who is entitled to compensation under this chapter is mentally incompetent or a minor, the limitations period is tolled while that person has no guardian or other authorized representative, but the period shall begin to run from the date of appointment of such guardian or other representative, or in the case of a minor, if no guardian is appointed before the minor becomes of age, from the date the minor becomes of age.
Thus, the limitation period begins to run from the date of appointment of a guardian or representative, or from the date the minor becomes of age if no representative is appointed. Even if the petition for benefits was filed more than two years after the death of the claimant, a minor’s claim would not be barred by the statute of limitations. See Bailey’s Auto Serv. v. Mitchell, 85 So.2d 228, 229 (Fla.1956). In the present case, the limitations period for any minor dependents of the decedent will not begin to run until a guardian or representative is appointed or until they reach the age of majority.
Therefore, we reverse the order dismissing the claim with prejudice, and remand for the JCC to permit the filing of a petition in a court of competent jurisdiction for *297 appointment of a guardian or representative for any minor children.
REVERSED AND REMANDED.
ERVIN, KAHN and PADOVANO, JJ., concur.