MARTZ ET AL. *v.* GRASSELLI CHEMICAL COMPANY.

[No. 13,006.   Filed February 23, 1928.   Rehearing denied April 24, 1928.]

*Nelson & McFall* and *D. J. Moran*, for appellants. *Ibach, Gavit, Stinson & Gavit* and *M. H. Miller*, for appellee.

ENLOE, J.—The appellants, claiming to be the widow and children of one Peter Martz, filed an application for compensation on account of the death of said Peter Martz, who, at the time of his death by accident, was an employee of appellee. The appellants, widow and children, are all nonresidents of the United States and the original application was filed by Francis P. Garvin, alien property custodian. Later, one Pouritch, by permission of the Industrial Board, was substituted as the representative of the claimants, said Pouritch being consul of the kingdom of the Serbs, Croats and Slovenes. In due season before the hearing, the appellee filed its answer of "no dispute" between the parties, and it also filed other answers in confession and avoidance denying liability.

A hearing was first had before a single member of the board and later there was a review before the full board, upon which review, the board made a finding of facts, signed by all the members, which was, in part, as follows: "The full Industrial Board finds from the evidence, without any dispute or conflict, that prior to the filing of the complaint herein, the plaintiffs and defendant had made no effort whatever to adjust the claim for compensa-

tion; that the plaintiffs and defendant had not disagreed in respect thereto; that the defendant filed its special answer herein alleging that no attempt had been made to adjust such claim and that there had been no disagreement between the plaintiffs and defendant relative thereto."

The board also found that "Rule 10 of the Industrial Board of Indiana, which has been in force continuously since the first day of September, 1915, provides, 'If the defendant rely upon the special defense that the injury or death of the employee was due to wilful misconduct of the employee, including intentional self-inflicted injury, intoxication, to the commission of a felony or misdemeanor, wilful failure or refusal to use a safety appliance, wilful failure or refusal to perform a duty required by statute, wilful failure or refusal to obey a reasonable printed rule of the employer, or any other defense of *confession and avoidance,* such special defense must be pleaded by an affirmative answer at least five days before the day set for hearing.'" (Our italics.) Upon the findings made, the board dismissed the application and this appeal followed; the questions involved are those hereinafter considered.

The threshold question is one commonly spoken of as being a question of "jurisdiction," although this term is not, strictly speaking, accurate. The question is rather, one of *maturity;* has the cause of action at the time application is made for an allowance of compensation fully matured? Has any dispute arisen between the parties?

What was said by this court in the cases of *In re Moore* (1923), 79 Ind. App. 470, 138 N. E. 783, was said in an *advisory capacity,* under and in accordance with the statute (§9506 Burns 1926), and appellants insist that the answers given by this court to the questions there asked are not "decisions" of the court in matters legally

before it, and are not, therefore, to be considered as having the legal force and effect of a "decision" duly made and given by the court. For the purpose of this decision, it will be conceded that the above contention is well founded, and we shall again proceed to examine the question involved, namely—Must there be a disagreement or dispute between the parties concerning the matter of compensation before either of the parties is authorized to apply to the Industrial Board?

It is provided in §58 of our Workmen's Compensation Act, (§9503 Burns 1926) that, "If the employer and the injured employee or his dependents *fail* to reach an agreement in regard to the compensation payable under this act, . . . either party may make an application to the Industrial Board for the determination of the *matter in dispute*." (Our italics.)

In *Payne* v. *Fortescue & Sons* (1912), 5 B. W. C. C. 634, a provision in the English Workmen's Compensation Act, which was—"If any question arises," was under consideration, and the court said: "The policy of this court . . . has been not to anticipate disputes which may never arise. The time to apply for our decision is the time when the dispute arises. . . . When that event arises, then there will then be, or there may be, a question, a present question, to be determined by arbitration; but we are not going to determine academic questions by way of prophecy." And, in the same case, Kennedy, L. J., said: "I think that the fair reading of section 1, which begins with the words, 'If any question arises', is that there must be a question, which is, so to speak, mature, in regard to one or the other of the three subjects of question which are specified in that subsection, namely, the question of the liability, or as to the amount or as to the duration of compensation. . . . I quite agree with what has been said to the effect that the principle upon which we ought to proceed

is that of confining, as far as possible, legal operations and their costs to those cases in which there is a substantial question the decision of which affects one party or the other." In *Fox* v. *Batterson Borough Council* (1911), 4 B. W. C. C. 261, the case discloses that, on the hearing before the county judge, the defendant had urged that there was no jurisdiction in said court because there was no "dispute." This contention, on appeal was sustained. In *Sweeney* v. *Gourlay Brothers & Co.* (1906), 43 Scottish Law Rep. 690, at the hearing, the defendant objected to the petition as being incompetent, on the ground that when it was presented there was no "question" between the parties, and on appeal, in reversing the award, the court said that no "question" as contemplated by the statute had arisen, and the cause was reversed with directions to dismiss. In *Kennedy* v. *Caledon, etc., Co.* (1906), 43 Scottish Law Rep. 687, the injured workman filed an application for compensation, and before the arbitrator, the employer answered that, at the time the application was filed, no "question" had arisen between the parties, and upon the hearing the application was dismissed. Upon appeal, in passing upon the question presented, Lord Pearson said: "The act does not regard arbitration with any degree of favour. It is to be the last resort of persons who find themselves unable to agree. It is assumed that there is to be a *bona fide* attempt to settle the matter without it. But the first requirement of all is, that there shall be a question in any proceedings under the Act as to the liability to pay compensation or as to the amount or duration of it. The expression 'any question' obviously means any dispute. Then, the statute prescribes that the question, if not settled by agreement, shall be settled by arbitration; which plainly imports that each party is entitled to an opportunity of settling by agreement, before arbitration can be forced upon him by the other. If either

party attempts to rush an arbitration before any such question has arisen, . . . then the conditions precedent to the statutory arbitration are wanting and the petition for arbitration is incompetent *ab initio*." In each of the above cited cases, the employer answered that there was "no dispute" and such answer was sustained.

It has been many times held that boards created by statute, such as the Industrial Board of this state, are creatures of limited jurisdiction; that they are administrative bodies and, as to jurisdiction, borrow nothing by mere implication; that they have only such powers as are conferred upon them by statute. It will be noted that our Workmen's Compensation Act provides that, if the parties *fail* to reach an agreement, either party may make application to the Industrial Board and ask that it determine the matter *in dispute*. Without there having been some effort made to settle or adjust the matter of compensation, it is difficult to perceive how there could be any *dispute* between the parties, and the Industrial Board is authorized to intervene, to act as arbitrator and thereby settle the dispute by making an award, only when there is a *dispute*. As has been already herein stated, the law does not favor litigation; it has been said that the law abhors litigation, and to this end, as a matter of public policy, conditions in statutes which tend to discourage or to avoid litigation should be closely followed. An illustration of this is found in our statute concerning the right of railroad companies to condemn lands for right of way. It is provided (§12933 Burns 1926) that, "If the corporation shall not agree with the landowner . . . touching the damage sustained by such appropriation," then such corporation may proceed to acquire a right of way by condemnation. And, in construing this statute, it has been expressly held that, as a condi-

tion precedent to its right to condemn, the railroad company must have made an effort to purchase the land desired, and that, without such effort having been made, there was no right to take such lands by condemnation. *Slider* v. *Indianapolis, etc., Traction Co.* (1908), 42 Ind. App. 304, 85 N. E. 372; *Morrison* v. *Indianapolis, etc., Co.* (1906), 166 Ind. 511, 77 N. E. 744. A re-examination of the authorities and of the statute confirms us in our opinion as expressed in *In re Moore, supra.*

The appellants further contend that the appellee, by filing answers in bar along with its answer of "no dispute," thereby waived such answer; that matter in abatement cannot be pleaded along with matter in bar, and that, if it is so pleaded, the matter in abatement will be deemed thereby to be waived.

An answer of "no dispute" is not such an answer as is covered by Rule 10, *supra.* Rule 10 mentions answers as to certain specific things, each of such matters so mentioned being specific defenses under the provisions of §9453 Burns 1926—and then says: "or any other defense of confession and avoidance." An answer of "no dispute" is not an answer of confession and avoidance; it says nothing as to the merits of the case; it is matter in abatement, pure and simple, and as it is not covered by the provisions of Rule 10, the due administration of justice requires that an answer of this kind should be made *in limine*— at the threshold of the proceedings. We have been unable to find any case where the employer has been permitted to answer "no dispute" and also, at the same time, or before his answer of "no dispute" had been determined, also to answer in bar. In the case of *Barron* v. *Carmichael* (1912), 5 B. W. C. C. 436, the employer answered "no dispute" and also in bar, and, in considering the matter, the court said: "In the face of that answer it is not competent to the employer to say that the judge had no jurisdiction,

because there was no dispute at the date of the application." In the above cited case, it was also said that if the employer wanted to raise the matter of "no dispute," he should have taken that as a preliminary question, and we hold that if such question is not so raised, it is waived. See *Dye & Son* v. *Nichols* (1923), 81 Ind. App. 13, 141 N. E. 259, and authorities in that case cited.

The appellee insists that the action of the Industrial Board was correct, for the reason, as urged, because no person was named as successor to Francis P. Garvin, alien property custodian, who filed the original application herein, within one year after he ceased to be such custodian, and counsel rely upon §1594 U. S. Comp. Stat. We do not think that the statute relied upon is applicable to the facts of this case, and, in our opinion, the cause of action did not abate by reason of the delay in this case.

The award herein is reversed, and this cause is remanded to the Industrial Board, with instructions to hear the cause upon its merits as to the special defenses interposed, and then to make such an award as in its judgment shall be proper.

Reversed.