19649. AMERICAN MUTUAL LIABILITY INSURANCE
COMPANY *et al.* v. BRADEN.

DECIDED JULY 10, 1929.

*McDaniel; Neely & Marshall, Harry L. Greene,* for plaintiffs in error.

*Porter & Mebane,* contra.

STEPHENS, J. (After stating the foregoing facts.) While the testifying physicians recommended the operation tendered the injured employee as one calculated to reduce the injury, and that it be performed, it nevertheless appears from the evidence, without dispute, that the operation involved a reopening of the injured employee's leg and a rebreaking or a readjustment of the bones, and was an operation accompanied with danger to life, and, it is inferable, must necessarily be accompanied with extraordinary pain and suffering; that it is a very delicate operation and should be performed only by a very skilled bone specialist; that, for the performance of this operation, two of the testifying physicians recommended only the eminent specialist whose services were not tendered to the claimant by the employer and the insurance carrier, and it does not appear that the physician selected to perform this operation and tendered to the claimant possessed the skill and qualifications required. Since the operation tendered was of such a delicate character that it could be performed only by a most skilled physician peculiarly qualified to perform it, and was dangerous to life, and it does not appear that the services of a competent physician were tendered, the operation could not reasonably be expected to relieve the injury, and since the operation must necessarily entail extraordinary pain and suffering, the injured employee, under the au-

thority of the case of *Zant* v. *United States Fidelity & Guaranty Co.*, 40 *Ga. App.* 38 (148 S. E. 764), recently decided by this court, was justified in refusing to accept the operation. In that case it was held that "an injured employee is justified in refusing to accept surgical treatment tendered him by the employer, where the treatment is dangerous to life or health and is accompanied with extraordinary pain and suffering, and where it does not appear that the treatment tendered could reasonably be expected to relieve the injury."

The undisputed evidence demands a finding that the injured employee was justified in refusing to accept the operation tendered him by the employer and the insurance carrier, and the industrial commission erred in holding that this refusal was unjustified and in denying compensation. The learned judge of the superior court, the Honorable James Maddox, in an able opinion, properly sustained the appeal brought by the injured employee excepting to the judgment of the industrial commission. We quote with approval from this opinion: "The sole question for determination is whether or not there was an 'unreasonable refusal' on the part of Buford Braden of an operation tendered him by the insurance carrier. The Industrial Commission found that there was an 'unreasonable refusal.' After a very careful reading of the record and the authorities pertinent to the question raised, this court can not concur in this finding and is of the opinion that the appeal should be sustained. This court is not unmindful of the rule of law that the question of unreasonableness is one of fact or of inference from fact, but, under the record in this case, there is no evidence upon which to base this finding if this court is correct in its idea of what is meant by an 'unreasonable refusal' under this act [the compensation act]. The law seems to be well settled that an injured employee seeking compensation must submit to an operation which will cure him when so advised by his attending physician, when not attended with danger to life, or health or extraordinary suffering. Enterprise Fence & Foundry Co. *v.* Majors, 68 Ind. App. 575 (121 N. E. 6). In a case of this sort 'the burden of proof is on the party asserting that an operation to which a reasonable man would submit would probably effect a cure, and that the refusal of the prosecutor to submit to an operation is unreasonable.' See McNally *v.* Hudson &c. R. Co., 87 N. J. L. 455 (95 Atl. 122), Su-

preme Court of New Jersey; 10 Neg. & Comp. Cases Annotated, p. 195. Applying this rule the burden would be upon the insurance carrier to show that this operation would probably effect a cure and would not be attended with danger to life or health, or extraordinary suffering. This they failed to do. The record shows that the physicians advised an operation, but it does not show any positive affirmative opinion of any medical expert that a cure would probably be effected. Two of the three doctors that testified in the case swore that they recommended the operation, but that they were only willing for one man to perform it; . . that they did not know of any other man that they would be willing to trust; that there might be others just as capable, but he was the only one that they could recommend. Doesn't this testimony show the delicate character of the operation in question and its doubtful result,— that there is only one man that these two doctors would be willing to recommend to perform this operation, and one of the witnesses was the physician of the Southern Brighton Mills and the other of the insurance carrier, at least his bills were paid by them. Can it be said that the refusal was unreasonable in the light of this testimony? Who wouldn't be apprehensive when the very physicians who represent the defendants say that they only knew of one man to perform this operation? The insurance carrier doesn't offer an operation by this man, but insists that it be done by another that the injured boy, his father, mother, and local physicians do not know and have never even heard of. Dr. Hames, the insurance carrier's physician, testified that this would be a major operation. Isn't it a matter of common knowledge that one of the differences between a major and a minor operation is that one is attended with danger to the life of the patient and in the other the danger is very slight? So far as the court is able to find, the rule seems to be uniform that the refusal to undergo a major operation is not unreasonable. 'A workman does not act unreasonably in refusing to undergo an operation which his own doctor advises him to submit to on the ground that it would entail no reasonable danger in the hands of a capable man, but the beneficial effects of which he would not guarantee.' Hawkes v. Richard Coles & Sons, 3 B. W. C. C. 163., 6 Neg. & Com. Cas. Ann. 678.. For the reasons set forth above, this court is of the opinion that the findings of the Industrial Commission are contrary to law and contrary to the evidence. Consequently the appeal is sustained."

The judge of the superior court properly sustained the appeal brought by the claimant excepting to the order of the industrial commission.

*Judgment affirmed. Jenkins, P. J., and Bell, J., concur.*