## Mongiat v. Star Marble & Tile Co. et al.

*Milton P. Shore,* for plaintiff.

*Charles W. Snyder,* for defendants.

McNAUGHER, J., July 7, 1939.—Claimant has brought an appeal to this court from the decision of the Workmen's Compensation Board affirming an order of the referee suspending compensation because of claimant's refusal to undergo an operation.

Claimant on May 28, 1936, injured his right knee. The resulting condition was finally diagnosed as a detachment of the internal semi-lunar cartilage after claimant for a considerable period had been treated without relief, and in September 1936 an orthopædic surgeon, employed by claimant, performed an operation. Since then, although he has attempted to work, he has been unable to do so, being totally disabled. He refuses to comply with defendant's request that he undergo a second operation because, as he asserts, "The doctor told me if I went to the operation I would be better the last time. I am afraid now." Defendant's evidence is that the condition is due to an acute synovitis which could be completely eliminated by a simple operation not attended by any danger.

The question presented to us is whether under The Workmen's Compensation Act of June 2, 1915, P. L. 736, as amended by the Act of April 13, 1927, P. L. 186, the referee and board had the authority to require claimant to undergo an operation and, upon his refusal, to suspend compensation payments. The contention of claimant is that he could not be so required after a 30-day period following the accident.

The language of section 306 (e) is as follows:

"During the first thirty days after disability begins, the employer shall furnish reasonable surgical and medical services, medicines, and supplies, as and when needed, unless the employe refuses to allow them to be furnished by the employer. The cost of such services, medicines, and supplies shall not exceed one hundred dollars ($100). If the employer shall, upon application made to him, refuse to furnish such services, medicines, and supplies, the employe may procure the same and shall receive from the employer the reasonable cost thereof within the above limitations. In addition to the above service, medicines, and supplies, hospital treatment, services, and supplies shall be furnished by the employer for the said period of thirty days. The cost for such hospital treatment, service, and supplies, shall not in any case exceed the prevailing

charge in the hospital for like services to other individuals. If the employe shall refuse reasonable surgical, medical, and hospital services, medicines, and supplies, tendered to him by his employer, he shall forfeit all right to compensation for any injury or any increase in his incapacity shown to have resulted from such refusal."

While the last sentence of paragraph (e) does not in so many words limit the right of tender of surgical services to a 30-day period, claimant contends for that construction on the basis that all other provisions of the paragraph are so affected. As far as we know, this question has been raised only once previously and that in the case of Daugherty v. Cosco Fuel Company, etc., at December term, 1936, in the Common Pleas Court of Butler County, Pa., where it was held that the Compensation Board could require the acceptance of an operation only when tender was made during the 30-day period. Apparently no appeal was taken from that decision.

Although we concede that there is room for argument in support of claimant's position, we are of the opinion that the last sentence of the paragraph, being general in language, is to be taken as applicable at any time during the period of disability, even though contained in a paragraph which in its other provisions relates to a 30-day period. We are informed, though this may not be accurate, that it has been the invariable practice of the Workmen's Compensation Board to suspend compensation payments at any time when a claimant has refused to undergo an operation reasonably required and that the practice, until the Butler County decision, has been unquestioned. Such a practice, if it has existed, may have been unjustified and without legal support, and yet it would indicate what has been the accepted interpretation of the statutory provision. But granted that the general language is to be given the restrictive interpretation, at most the legislature provided that, during the 30-day period under discussion in the paragraph, the claimant must submit to an operation reasonably re-

quired, and it was silent with reference to a condition subsequently existing. The question then could still be raised whether, in a given case, the proximate cause of continuing disability was the original injury or the failure to undergo an operation.

Courts of a number of jurisdictions hold the view that an unreasonable refusal to undergo an operation will at any time defeat claimant's right to recover compensation. In Enterprise Fence & Foundry Co. v. Majors, 68 Ind. App. 575, 121 N. E. 6, the Indiana Court of Appeals states the principle as follows (p. 577) :

"The law seems to be well settled that an injured employe seeking compensation must submit to an operation which will cure him when so advised by his attending physician, when not attended with danger to life or health or extraordinary suffering, and, if as a result of such refusal on his part he suffers a permanent impairment, the employer will not be required to compensate him for the resulting permanent impairment. 1 Honnold, Workmen's Compensation 525; *Jendrus* v. *Detroit Steel Products Co.* (1913), 178 Mich. 265, 144 N. W. 563, L. R. A. 1916A 381, Ann. Cas. 1915D 476."

See also The Joliet Motor Co. v. The Industrial Board, etc., et al., 280 Ill. 148, Dosen v. East Butte Copper Mining Co., 78 Mont. 579, 606, O'Brien v. Albert A. Albrecht Co., 206 Mich. 101, 172 N. W. 601, and McNally v. Hudson & Manhattan R. R. Co., 87 N. J. L. 455.

In Schneider on Workmen's Compensation Law, Vol. 2, p. 1646, et seq., the authorities are reviewed, and we quote the following excerpt from §496 at page 1650:

"The English cases are unanimous in holding that an unreasonable refusal upon the part of the injured employee to submit to an operation attended with no grave dangers and which would, in every probability, result in a recovery, is ground for terminating disability payments."

It appears, therefore, that upon the general principle of law referred to, claimant in this case can be required

under the evidence to submit to an operation under penalty of having his compensation payments suspended. And even under the restrictive interpretation of the provision of section (306(e), it is our opinion that that principle can be applied.

We find that the Workmen's Compensation Board was warranted in suspending compensation payments and its action will, therefore, be affirmed.

### Order

And now, to wit, July 7, 1939, appeal of claimant is dismissed and the order of the Workmen's Compensation Board affirming the referee's suspension of compensation payments is affirmed.