SKINNER *v.* FLAT ROCK CANNING COMPANY.

[No. 16,752.   Filed April 14, 1941.]

132

*Walter C. Reese,* of Shelbyville, for appellant.

*James V. Donadio, R. Stanley Lawton* (*Matson, Ross, McCord & Ice,* of counsel), all of Indianapolis, for appellee.

CURTIS, C. J.—This is an appeal from a final award of the full Industrial Board, from which finding and award we quote the salient parts as follows:

> "And the full Industrial Board having heard the argument of counsel, having reviewed the evidence and being duly advised therein, now finds:
> "That on September 26, 1938, while in the employ of the defendant at an average weekly wage of $9.48 plaintiff suffered an injury as the result of an accident arising out of and in the course of his employment, of which the defendant had knowledge and furnished medical attention; that compensation agreement was approved October 21, 1938, providing for the payment of compensation at the rate of $8.80 a week during temporary total disability not exceeding the period fixed by law, beginning September 4, 1938; that thereafter such action was had before the Industrial Board that on November 10, 1938, based on a stipulation of the parties, a finding and award was entered awarding plaintiff thirty weeks' compensation at the rate

of $8.80 a week beginning with September 26, 1938, for a six per cent permanent impairment to the man as a whole; that on November 10, 1939, plaintiff signed a final receipt showing the total payment of $264.00; that on April 12, 1940, the plaintiff filed his application for review of an award on account of a change in condition, alleging that said permanent partial impairment had increased since the date of said award.

"It is further found that on October 16, 1940 defendant filed its answer alleging that no effort to settle the controversy had been made by the plaintiff and that no dispute arose between the plaintiff and defendant prior to the filing by plaintiff of his application of April 12, 1940.

"And the full Industrial Board now finds for the defendant on its answer that no good faith effort was made to settle controversy between the plaintiff and defendant herein and the Industrial Board of Indiana had no jurisdiction in the premises.

AWARD.

"It is therefore considered and ordered by the full Industrial Board of Indiana that plaintiff's application for a review of an award on account (of change of condition) . . . is hereby dismissed.

"It is further ordered that the plaintiff pay the cost of this proceeding.

"Dated this 3d day of December, 1940."

Among the errors assigned is the alleged error: "That the final award of the full board is contrary to law." This assignment is sufficient to present all questions sought to be presented.

The first question that presents itself to this court is whether or not the full Industrial Board was correct in its decision—that it had no jurisdiction in the premises when it had first found that "no good faith effort was made to settle controversy between the plaintiff and defendant herein." The appellee had filed a special answer alleging "No dispute." Upon the hearing of evidence on that issue and after argument, the board

made the finding and award above set out holding that it was without jurisdiction because no such good-faith effort had been made to settle the controversy before the application was filed with the board.

We are of the opinion that the said decision of the board is in accordance with the law, assuming, of course, that the evidence further warranted the finding that no good-faith effort had been made to reach an agreement on the matters in dispute before the filing of the application herein. We quote from The Indiana Workmen's Occupational Diseases Act, § 40-2220, Burns' 1940 Replacement, as follows:

"PROCEEDINGS BEFORE BOARD.— (a) Disputes— Application to Board—Determination. If the employer and the employee or his dependents disagree in regard to the compensation payable under this act, or, if they have reached such an agreement, which has been signed by them, filed with and approved by the industrial board, and afterward disagree as to the continuance of payments under such agreement, or as to the period for which payments shall be made, or as to the amount to be paid, because of change in conditions since the making of such agreement, either party [may] then make an application, to the industrial board, for the determination of the matters in dispute."

The said provision of the act has been before this court and was given careful consideration in the case of *In re Moore* (1923), 79 Ind. App. 470, 138 N. E. 783, and in the case of *Martz* v. *Grasselli Chemical Co.* (1928), 87 Ind. App. 400, 162 N. E. 737. The cases from other jurisdictions were reviewed in said decisions, and the reasons for the provisions of the statute fully considered in the two cases above cited. We adhere to the rules there announced, and find it unnecessary to restate them except to point out that under the statute and the decisions, the Industrial Board is not warranted or empowered to conduct a hearing

for compensation until there has been a good-faith effort first made to settle or adjust the matter and a failure to agree. Such good-faith effort to adjust the matter and a failure to agree are conditions precedent to the filing of the claim except for good cause shown.

The decision of the Industrial Board, that it had no jurisdiction, must therefore stand, unless it is made to appear that such decision is not sustained by sufficient evidence. The appellant has not seen fit to bring before this court the evidence on the subject heard by the board. But we have taken occasion to read the transcript to acquaint ourselves with what it shows. We think the award of the board is sustained by sufficient evidence.

The appellee has filed a motion to dismiss this appeal, but for reasons apparent from this opinion, the same is overruled.

Award affirmed.

NOTE.—Reported in 33 N. E. (2d) 359.