LUTTRELL *v* TRAYLOR BROS., INC.

[No. 19,269. Filed March 24, 1959. Rehearing denied May 8, 1959. Transfer denied June 11, 1959.]

574

*Ralph M. Koehne,* of Evansville, for appellant.

*McCray & Clark,* of Evansville, for appellee.

KELLEY, J.—Appellant, as employee, and appellee, as his employer, on February 18, 1957, entered into a compensation agreement providing for the payment by appellee to appellant of compensation at the rate of $33.00 per week for a period of 200 weeks from and including July 20, 1956, for a 40% permanent partial impairment to the body of appellant as a whole. Said agreement was filed with and approved by the Industrial Board on February 25, 1957. On said latter mentioned date there was filed with said Board an agreement between said parties for the payment by appellee to appellant of a lump sum, to be fixed by the Board, in redemption of 170 weeks of the remainder of appellee's weekly compensation liability. The Board, at said time, approved said agreement and fixed the lump sum payment at $5345.94, and on March 1, 1957, appellee filed its Form No. 6 Memorandum showing that final compensation had been paid appellant as "per said Lump Sum Agreement."

On February 3, 1958, appellant filed his application, Form No. 14, for a review of award on account of a change in conditions which was alleged to be that the disability of appellant "has increased since the date of said award, and that said injury has resulted in a permanent total impairment." It was also alleged that the "employer and employee have disagreed relative to continuance of payments of said award." Appellee filed a special answer alleging the foregoing facts and asserting that appellant's application was "prematurely filed" and should be dismissed in that it was filed approximately two years and ten months "before

the expiration of the time for which he has been paid compensation benefits."

The Board found that appellant's application was filed approximately two years and ten months before the expiration of the time for which he has been paid compensation benefits and that said application "should be dismissed *for want of jurisdiction.*" The Board entered an order dismissing appellant's application.

The sole question presented by this appeal is whether the Industrial Board is authorized by the Compensation Act to refuse to entertain appellant's application because filed prior to the expiration of the time for which he had been paid benefits under said approved agreements. Appellee states that said expiration date would be approximately November 22, 1960.

Section 45 of Acts 1929, being Section 40-1410, Burns' 1952 Replacement, provides:

> "40-1410. CONTINUING POWER TO CHANGE OR MODIFY AWARD.—The power and jurisdiction of the industrial board over each case shall be continuing, and, from time to time, it may, upon its own motion or upon the application of either party, on account of a change in conditions, make such modification or change in the award, ending, lessening, continuing or extending the payments previously awarded, either by agreement or upon hearing, as it may deem just, subject to the maximum and minimum provided for in this act.
>
> Upon making any such change, the board shall immediately send to each of the parties a copy of the modified award. No such modification shall affect the previous award as to any money paid thereunder.
>
> The board shall not make any such modification upon its own motion, nor shall any application therefore be filed by either party after the expiration of two (2) years from the last day for which compensation was paid under the original award made either by agreement, or upon hear-

ing, except that applications for increased permanent partial impairment are barred unless filed within one (1) year from the last day for which compensation was paid. The board may at any time correct any clerical error in any finding or award."

The statute vests the Board with a continuing power and jurisdiction over each case. It also authorizes the Board, from time to time, on its own motion or upon application of either party, to modify or change the payments previously awarded, whether such award resulted from a hearing or an agreement of the parties, and the change or modification is made subject to the maximum and minimum provisions of the Act. Such change or modification is authorized "on account of a change in conditions" and may consist of the ending, lessening, continuing, or extending the previously awarded payments. No provision appears limiting such action by the Board, whether upon its own motion or upon application therefor by either of the parties, to a time subsequent to the expiration of the time for which benefits were previously awarded.

Appellee does not seem to seriously urge that the Board was without statutory authorization to entertain and determine the appellant's application. The appellee does seriously urge, however, that the Board "has the initial power and duty to determine its own jurisdiction," and that the Board is entitled to refuse to assume jurisdiction over the matter it has already decided until the benefits derived from such decision have been used and the effects of the decision have become final. In particular, in argument, appellee proposed that it had paid appellant a considerable sum of money as a lump sum settlement in February of 1957 and in less than one year thereafter appellant

filed this application for review, leaving appellee without any opportunity for recovery or adjustment of the money paid to appellant.

Legal ratiocination quickly leads to dissipation of the aforesaid argumentative proposal. It would seem rather to provoke a consideration of whether the Board can of its own volition refuse to extend the functions of its office to pass upon and determine the merits of an application timely filed. It may be, as appellee expostulates, that the employer, or his insurer, may be seriously inconvenienced and without certainty of circumstance when a lump sum adjustment is made. But such situation is not only a matter more appropriate for consideration by the Board in its final arrangement and disposition of the application upon the facts made evident at the hearing thereon, but is recognized by the aforesaid section of the act itself by the provision that "No such modification shall affect the previous award as to any money paid thereunder."

We are here dealing only with the right or power of the Board to refuse the assumption of jurisdiction over a properly filed application for relief by one of the parties to the existing award. Appellee seeks to justify the herein appealed from action of the Board on the ground that the Board has the "initial power and duty to determine its own jurisdiction." The idea of this statement seems garnered from the case of *Homan* v. *Belleville Lumber & Supply Co.* (1937), 104 Ind. App. 96, 8 N. E. 2d 127, wherein it is said: ". . . it is our belief that the legislature intended that the Industrial Board itself should be at least the primary judge of its own jurisdiction." But whatever meaning may be attached to that unfortunate and unexplained remark of the court, under the facts evi-

dent in that case, it would seem grossly improper to attribute to it the meaning now insisted upon, i.e., that the Board can judge for itself whether to act upon a timely tendered application. The court, in that case, was, at the time of the aforesaid statement, considering whether the Board had the right to set aside an award made by the Board at a time when it was without jurisdiction to make such award. The court noting that there were no precedents, concluded that unless the Board had the "power to decide its jurisdiction" litigants would be forced into the courts and "there would be no saving of time or expense" which was one of the purposes of the compensation legislation. We find nothing in that case lending any sustenance to a theory that the Industrial Board may initially close its doors and withhold its facilities and services and refuse to "perform efficiently the task submitted to it." (Quotes from the above cited Belleville Lumber Co. case.)

Looking further into the case last mentioned, we find it said:

> "Since the Industrial Board has full, complete and absolute administration of this law . . . its jurisdiction is continuing, therefore, where there has been a change in the conditions of the parties . . . , the Industrial Board *should conduct a hearing* and *determine what that change has been* and *make a finding, and award thereon.*"

It appears to us that the above quoted section 45 of the compensation act, section 40-1410 Burns' 1952 Replacement, expressly vests jurisdiction in the Board to modify or change previous awards and that said section must be read and considered in connection with the provisions of Section 58 of said act (Section 40-1509, Burns' 1952 Replace-

ment) and Section 59 of said act (Section 40-1510, Burns' 1952 Replacement).

Said Section 58 (Section 40-1509, Burns' 1952 Replacement) provides, in part:

"If the employer and the injured employee or his dependents disagree in regard to the compensation payable under this act, or, if they have reached such an agreement, which has been signed by them, filed with and approved by the industrial board, and *afterward disagree as to the continuance of payments under such agreement, or as to the period for which payments* shall be made, or (*as*) *to the amount to be paid*, because of a change in conditions since the making of such agreement, either party may then make an application, to the industrial board for the determination of the matters in dispute."

and said Section 59 (Section 40-1510, Burns' 1952 Replacement) provides:

"The board by any or all of its members *shall* hear the parties at issue, their representatives and witnesses, and *shall* determine the dispute in a summary manner. The award shall be filed with the record of proceedings, and a copy thereof shall immediately be sent to each of the parties in dispute."

Here the parties entered into an agreement which was "signed by them, filed with and approved by the industrial board" and it is alleged in the application that the parties have "disagreed relative to the continuance of payments of said award." And it is alleged that the review is sought on account of "said injury has increased since the date of said award." These allegations seem to come within the provisions of said Section 58 (Burns' 40-1509). Said Section 59, (Burns' 40-1510) provides that the Board "shall" hear the parties and "shall" determine the dispute in a summary manner.

Appellee asserts that appellant's application contains no sustainable allegation or showing that a disagreement or dispute exists between appellant and appellee; that until such disagreement is made apparent, appellant's application is premature and the Board is without jurisdiction to determine the matter. No such question or defense was presented by appellee in the hearing before the Board. The special answer filed by appellee before the Board was that "plaintiff herein filed his Form 14 . . . approximately two (2) years and ten (10) months before the expiration of the time for which he has been paid compensation benefits. . . . That said Form 14 herein filed by plaintiff is prematurely filed and should be dismissed." And the Board found that the application was filed two years and ten months "before the expiration of the time for which he has been paid compensation benefits. It is further found that the said plaintiff's application . . . should be dismissed for want of jurisdiction."

Neither the appellee's special answer nor the finding of the Board was predicated upon any failure of appellant to allege or show a disagreement or dispute between appellee and appellant. The answer of "no dispute" is a "matter of abatement, pure and simple, and . . . an answer of this kind should be made *in limine*—at the threshold of the proceedings. . . . and we hold that if such question is not so raised, it is waived." *Martz et al.* v. *Grasselli Chemical Company* (1928), 87 Ind. App. 400, 406, 407, 162 N. E. 737.

The statute giving the Board continuing jurisdiction over each case and the power to modify its awards, section 40-1410, Burns' 1952 Replacement, does not require any disagreement or dispute between the

parties to be alleged or shown. In fact, the statute provides that the Board, on its own motion, may make such modification, without reference to any dispute between parties. And it may be that as Section 58 of the Act, Sec. 40-1509, Burns' 1952 Replacement, should be read in connection with said Sec. 40-1410, Burns' as we have above determined, a plea or answer of "no dispute" in a modification proceeding would present a matter for original determination of the Board. However, as hereinbefore pointed out, no such answer or plea was made or filed by appellee in this case and we are not required to determine such question.

Appellee says that the allegation in appellant's application that "said employer and employee have disagreed relative to the continuance of payments of said award" is "erroneous" because all the payments to which appellant was entitled under the award were paid and there can be no dispute or disagreement as to the continuance of the payments. It seems apparent that the very purpose of the appellant's application is to have the Board increase the amount of the award on the ground that the injury has resulted in a "permanent total impairment"; and it may be consequently fairly inferred that a continuance or extension of the payments previously awarded (agreed upon) is sought by appellee and that the parties have disagreed relative thereto.

In *Enterprise Fence and Foundry Company* v. *Majors* (1918), 68 Ind. App. 575, 579, 121 N. E. 6, the court, referring to the case of *In re Stone* (1917), 66 Ind. App. 38, 117 N. E. 669, said:

"In that case it is said that when the Industrial Board has approved an agreement under the Work-

men's Compensation Act, it still has jurisdiction of the subject matter, even if the agreement was intended as a compromise settlement of all compensation, and may consider all dispute with reference to compensation *to be paid at any time before the case is finally disposed of.*" (Italics supplied.)

We perceive of no logical or legal reason warranting the Board to deny jurisdiction in this case. We now speak not of the Board's consideration and disposition of appellant's application. We confine our review to the right of the Board, under the particular facts here apparent, to deny consideration of said application. We do not think it was legally justified in so doing.

The order and award herein appealed from is reversed with instructions to the Board to reinstate and entertain said application and take such further proceedings thereon as may be proper under and required by the statutes now in force applicable thereto.

The judges of Division No. 2 having failed to agree, this cause was submitted to the full court, in banc, for consideration and decision.

Gonas, P. J., dissents.

Smith, J., and Ryan, J., not participating.

NOTE.—Reported in 157 N. E. 2d 292.