GLOBE VALVE CORPORATION, Appellant (Defendant Below)

v.

Dorothy L. THOMAS, Appellee (Plaintiff Below)

No. 2–1080–A–341.

Court of Appeals of Indiana, Second District.

Aug. 4, 1981.

Paul L. Fields, Lowe, Gray, Steele & Hoffman, Edwin J. Bunny, Indianapolis, for appellant.

Donald K. Blair, Monticello, for appellee.

## MEMORANDUM DECISION

CHIPMAN, Judge.

Dorothy Thomas applied for workmen's compensation benefits with the Industrial Board of Indiana (Board) alleging her back injury arose out of her employment at Globe Valve Corporation. Globe Valve moved to dismiss the application arguing the Board did not have jurisdiction because a dispute did not exist between Globe Valve and Thomas. The Board found there was a dispute and awarded benefits. Globe Valve raises the following issues:

I. Whether the evidence was sufficient to sustain the Board's legal conclusion that a good faith dispute existed prior to the filing of the application; and

II. Whether the award and findings of fact are supported by sufficient evidence and whether the findings are sufficient to permit intelligent appellate review. We reverse.

## FACTS

Thomas alleged and the Board found that on July 23, 1973, Thomas injured her back lifting a 50 to 75 pound pan while working on an assembly line. She then went to the plant nurse, informed her of the incident, received some pain pills, and returned to work. The next day she stayed home but returned to work on the following day. Apparently Thomas worked a week or two more and then was hospitalized, ultimately requiring back surgery. Approximately two years later she returned to work but for physical reasons could only work one day.

During this two year period Thomas received disability checks from her employer's group disability insurance. In addition, part of her medical bills were paid by the employer's group health insurance which she kept in force by a monthly payment to Globe Valve.

There is no evidence that Thomas ever requested nor submitted any workmen's compensation claim forms. Likewise there is no evidence that Globe Valve had notice of Thomas' workmen's compensation claim (as distinguished from notice of her injury), and no evidence of any claim being denied, disputed or even negotiated.

On July 1, 1975, she filed an application for adjustment of her claim for compensation with the Board. Globe Valve responded to this application with a Motion to Dismiss based on her failure to make a demand upon it for workmen's compensation or attempting to settle her claim and therefore no dispute had arisen between them before she filed her application. Globe Valve argued the Board only had jurisdiction to resolve disputes and the application should be dismissed. The motion was not ruled on prior to the November 7, 1977 hearing before Hearing Judge John

Rader who found a good faith dispute existed before the filing of the application and he awarded benefits to Thomas. His decision was affirmed by the full Board and was appealed to us in 1978.

On December 12, 1978, in a memorandum decision (2–778 A 249) we found no evidence of a dispute and remanded for further evidentiary hearings. By stipulation of both parties, no further evidence was heard and on April 28, 1980, Hearing Judge Rader again found a dispute existed between the parties before the filing of the application.

He found the plant nurse offered Thomas group disability and health insurance forms and not workmen's compensation forms. He further held Globe Valve had notice and knowledge of the injury and the failure to affirmatively offer workmen's compensation forms to Thomas "created a dispute as to the compensability" of her injury and awarded her workmen's compensation benefits. That award was adopted by the full Board and this appeal followed.

## I. EXISTENCE OF A DISPUTE

■ The Board derives its power from Ind.Code 22–3–4–5 which states,

> "*If* the employer and the injured employee . . . *disagree* in regard to the compensation payable under this act . . . either party may then make an application, to the industrial board, for the *determination of the matters in dispute.*
>
>     . . ." (emphasis added)

This section and its similarly worded predecessors have frequently been applied in factual situations similar to this case, i. e. where no prior dispute existed. The court in *In re Moore*, (1932) 79 Ind.App. 470, 138 N.E. 783 analyzed the purpose and application of Burns § 9506 (1926) which is now IC 22–3–4–5.

> "It is fundamental that, as to governmental administrative boards, such as our Industrial Board, they have no powers other than those granted either expressly or by necessary implication. By the plain wording of the statute our Industrial Board is given authority to settle disputes; to act as an arbitrator when the parties themselves—the employer and the injured employee or his dependents—cannot agree. The statute says, if the parties 'fail to reach an agreement' regarding the payment of compensation, in the first instance, or, if having made an agreement, they 'disagree as to continuance of payments,' then either party may apply to the Industrial Board for a determination of the controversy. The word 'failure' connotes an attempt, an effort, a trial, and the language of the statute, if it is to be given any force and effect, certainly implies that there shall at least be a good-faith effort by the parties to settle the dispute, and an actual disagreement between them as to the rights of the parties. Then, and only then, are they at liberty to ask for the help of the Industrial Board, and then, and only then, is the Industrial Board authorized to hear and decide the matter in dispute. These provisions of our statute are in harmony with the rule, founded in a sound public policy, that the law abhors litigation, and favors the settlement of disputes by the parties interested, where that can be done without the surrender of any right."

*Id.*, at 784. Accordingly, a good faith *effort* to agree on the amount of workmen's compensation due and a *failure* to agree are conditions precedent to the filing of an application. *Skinner v. Flat Rock Canning Co.*, (1941) 109 Ind.App. 131, 33 N.E.2d 359.

■ It is clear from the record that there was not a good faith effort to agree on Thomas' workmen's compensation claim prior to the filing of the application. Hearing Judge Rader found as a conclusion of law that Globe Valve's failure to affirmatively offer workmen's compensation forms to Thomas constituted a dispute as to liability between the parties. Assuming *only arguendo* the tenuous legal conclusion that an employer must offer such forms to injured employees, we do not agree that the failure to do so constitutes a dispute as contemplated by IC 22–3–4–5 nor does it fulfill the good faith effort to agree on compensation requirement. We find no dispute prior to the filing of the application.

■ On appeal Thomas argues Globe Valve waived its lack of dispute defense by also denying liability citing *T. J. Dye & Sons v. Nichols,* (1923) 81 Ind.App. 13, 141 N.E. 259. We disagree. In *Dye* the employer simply filed a general denial to the employee's application. This was not the path taken by Globe Valve. It originally filed only a motion to dismiss and then later additionally denied liability generally. Globe Valve properly filed its special defense as required by 630 IAC 1–1–10.[1] Globe Valve has not waived this issue.

## II. SUFFICIENCY OF THE EVIDENCE AND THE FINDINGS

In light of our decision above, we need not address this issue.

In our 1978 memorandum decision we remanded this cause for further hearings and findings on the lack of dispute issue. We infer from Thomas' failure to present any more evidence on the issue that there is no additional available evidence of a dispute. For that reason we remand this cause to the Industrial Board with instructions to dismiss Thomas' application due to lack of jurisdiction. If Thomas desires to pursue her claim, she must first engage herself and Globe Valve in a good faith effort to adjust and agree upon her claim before she files an application with the Board.

Reversed and remanded.

YOUNG, P. J., and MILLER, J., concur.

---

1. 630 IAC 1–1–10

"Answer—Special—When necessary—When to be filed.—The defendant may file an answer of denial to the application, petition or complaint of the plaintiff at any time before the date set for the hearing, but no such answer is required, and, if none is filed, the allegations contained in the application, petition or complaint will be deemed to be denied.

If the defendant relies upon the special defense that the injury or death of the employee was due to the wilful misconduct of the employee, including intentional self-inflicted injury, intoxication, or the commission of a felony or misdemeanor, wilful failure or refusal to use a safety appliance, wilful failure or refusal to obey a reasonable printed rule of the employer, failure to demand compensation before filing claim, or any other defense of confession and avoidance, such special defense must be pleaded by an affirmative answer at least twenty-one [21] days before the date set for the hearing.

The burden of proving such special answer shall be on the defendant. Affirmative defenses will be deemed waived when not specially pleaded."